726 So.2d 228 (1998)
Leon CALVERT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-CA-01593 COA
Court of Appeals of Mississippi.
December 30, 1998.
*229 Leon Calver, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
BEFORE McMILLIN, P.J., HERRING, AND KING, JJ.
HERRING, J., for the Court:
¶ 1. Leon Calvert entered a guilty plea to the crime of sale of cocaine and was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections. Calvert subsequently filed a petition for post-conviction relief in the Circuit Court of Sunflower County, Mississippi. The circuit court denied Calvert's requested relief, and he now appeals to this Court alleging that: (1) he was deprived of his constitutional right to a speedy trial; (2) he received ineffective assistance of counsel; (3) his guilty plea was involuntary; and (4) the trial court failed to conduct an evidentiary hearing on his motion. We find that these assignments of error are without merit, and therefore, we affirm.

A. THE FACTS
¶ 2. On May 9, 1996, Leon Calvert was indicted for the sale of cocaine, enhanced, pursuant to Sections 41-29-139 and 41-29-145 of the Mississippi Code Annotated in the Circuit Court of Sunflower County, Mississippi. The indictment alleged that on November 7, 1995, Calvert, a person over the age of twenty-one, unlawfully sold a quantity of cocaine, a Schedule II controlled substance, to an individual under twenty-one years of age. The following month, on June 28, Calvert entered a guilty plea in open court to the charge. During the guilty plea hearing, the trial court questioned Calvert to ensure that he understood the nature of the charge and the consequences of his guilty plea. The court accepted the guilty plea and subsequently sentenced Calvert to a term of ten years in the custody of the Mississippi Department of Corrections.
¶ 3. On May 1, 1997, Calvert filed a petition for post-conviction relief alleging that he was entitled to collateral relief on seven separate grounds. Specifically, Calvert asserted that: (1) he was deprived of his right to a speedy trial; (2) he received ineffective assistance of counsel; (3) his own counsel incriminated him; (4) his guilty plea was involuntary; (5) the trial court deprived him of his constitutional right to be heard; (6) his present conviction was illegal; and (7) his attorney falsely advised him that his minimum *230 sentence would run concurrently to another sentence. Thereafter, the trial court directed the State to file an answer to Calvert's petition for post-conviction relief. After reviewing the petition, the record, and other relevant documents, the trial court concluded that there was no basis to Calvert's allegations and determined that there was no need for an evidentiary hearing. Consequently, the court dismissed Calvert's petition, and he now appeals to this Court.

B. THE ISSUES
¶ 4. Calvert raises the following assignments of error on appeal which are taken verbatim from his brief:
I. THE TRIAL COURT DENIED LEON CALVERT'S CONSTITUTIONAL RIGHTS TO A SPEEDY TRIAL PURSUANT TO THE UNITED STATES CONSTITUTION AND MISSISSIPPI CONSTITUTION.
II. THE TRIAL COURT APPOINTED ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.
III. THE PLEA OF GUILTY ENTERED BY LEON CALVERT WAS AN INVOLUNTARILY [SIC] GUILTY PLEA.
IV. THE TRIAL COURT ERRED BY NOT GRANTING LEON CALVERT AN EVIDENTIARY HEARING.

C. ANALYSIS

I. DID THE TRIAL COURT DENY CALVERT OF HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL?
¶ 5. Calvert asserts that the trial court committed reversible error by depriving him of his constitutional right to a speedy trial. Specifically, Calvert contends that he was arrested on November 7, 1995, and the case was not set for trial until June 28, 1996. Calvert alleges that this delay prejudiced his case and violated his constitutional right to a speedy trial. He makes no claim concerning the statutory 270-day rule under Section 99-17-1 of the Mississippi Code.
¶ 6. In Anderson v. State, 577 So.2d 390, 391 (Miss.1991), the supreme court considered a defendant's post-conviction claim that he was denied a speedy trial following the entry of his guilty plea. The court noted that a "valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Id. In so noting, the court recognized that the waiver generally included those rights "secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by ... the Mississippi Constitution of 1890." Id. Moreover, the court concluded that the right to a speedy trial, whether of statutory or constitutional origin, was embodied in the same "class of waivable or forfeitable rights." Id. at 392; Conerly v. State, 607 So.2d 1153, 1156 (Miss.1992).
¶ 7. During the guilty plea arraignment, the trial court judge explained to Calvert that he would be waiving certain constitutional rights by entering a guilty plea to the charge of sale of cocaine. Specifically, the judge informed Calvert of his right to a trial by jury, the right to confront and cross-examine adverse witnesses, the right to obtain the issuance of process, the right to appeal, and the right against self-incrimination. Calvert affirmatively answered the questions posed by the court and acknowledged that he understood his rights. The attorney appointed to represent Calvert also informed the court that he had fully advised Calvert of his constitutional rights and the consequences of his plea "in great detail." Calvert indicated to the trial court judge that he had discussed the charge and the entry of the guilty plea with his attorney. Calvert also stated that he was completely and totally satisfied with the services and advice of his attorney. Furthermore, the plea petition, which Calvert signed, notified Calvert that the entry of a guilty plea would constitute a waiver of his right to a speedy trial. Accordingly, this assignment of error is without merit.

II. WAS CALVERT DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 8. In his next assignment of error, Calvert alleges that he was denied effective assistance of counsel because his attorney *231 failed to raise a speedy trial challenge and he did not attempt to locate a potential witness. Calvert also contends that his attorney erroneously advised him that he would receive the minimum sentence allowed under the relevant statute if he entered a guilty plea and the sentence would run concurrently with a prior sentence.
¶ 9. This Court employs the standard of review set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) in evaluating an ineffective assistance of counsel claim. See Eakes v. State, 665 So.2d 852, 872 (Miss.1995). In order to successfully establish such a claim, a defendant must prove that the performance of his attorney was deficient, and the deficiency was so substantial as to deprive the defendant of a fair trial. Id. Furthermore, the attorney's performance must be considered under a totality of the circumstances. Taylor v. State, 682 So.2d 359, 363 (Miss. 1996). "There is a strong, yet rebuttable, presumption that the actions by the defense counsel were reasonable and strategic." Id.
¶ 10. A review of the record in the case sub judice reveals that there is no merit to Calvert's claim that he received ineffective assistance of counsel. There is simply no evidence that the defense counsel was deficient in his representation or that Calvert was prejudiced as a result. As noted above, the trial court judge explained the charge pending against Calvert and informed Calvert of his constitutional rights. Calvert acknowledged that he completely understood his rights and the consequences of his guilty plea. The judge also advised Calvert of the maximum and minimum sentences allowable under the statute. Calvert affirmatively responded that no one had made any representations or promises with regard to his guilty plea or possible sentence.
¶ 11. Although Calvert attached affidavits to his petition in which he and two other witnesses alleged that the defense attorney erroneously informed him about his sentence, the pleadings are in direct conflict with the transcript of the guilty plea hearing. "Trial judges are entitled to place great weight upon a defendant's initial plea under oath." Templeton v. State, 725 So.2d 764, 767 (Miss. 1998). As the supreme court aptly stated in Ford v. State, 708 So.2d 73, 76 (Miss.1998), "[w]hen we compare [Calvert's] previous sworn testimony during his guilty plea with his current affidavit, the latter is practically rendered a `sham'...." At some point in time, Calvert has obviously committed perjury. The record belies Calvert's claim of ineffective assistance of counsel, and therefore, we find that there is no merit to his allegation.

III. DID CALVERT VOLUNTARILY AND INTELLIGENTLY PLEAD GUILTY TO SALE OF COCAINE?
¶ 12. Calvert asserts that he did not voluntarily and intelligently enter a guilty plea to the charge of enhanced sale of cocaine. He contends that his attorney erroneously informed him that the sentence imposed by the trial court would run concurrently to a previously ordered sentence. Calvert also alleges that the voluntariness of his guilty plea was negated by the court's failure to advise him of his constitutional right to a speedy trial and by the court's inquiry into his guilt.
¶ 13. Before a defendant may plead guilty to a crime, he must be "advised about the nature of the crime charged against him and the consequences of his guilty plea." Banana v. State, 635 So.2d 851, 854 (Miss. 1994). Specifically, the defendant must be informed that a guilty plea operates as a waiver of "the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Additionally, Rule 8.04 of the Uniform Circuit and County Court Rules provides that when the defendant notifies the court of his intent to plead guilty, "it is the duty of the trial court to address the defendant personally and to inquire and determine... [t]hat the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law...." URCCC 8.04.
¶ 14. Based on the record before us and the discussion above, we find that Calvert voluntarily and intelligently entered a guilty plea to the charge of sale of cocaine. The *232 transcript of the guilty plea hearing provides an abundance of evidence to support the validity of Calvert's guilty plea. The trial court judge adequately informed Calvert of the charges and the consequences of his plea.

IV. DID THE TRIAL COURT ERR IN FAILING TO GRANT CALVERT AN EVIDENTIARY HEARING?
¶ 15. In his final assignment of error, Calvert alleges that the trial court failed to conduct an evidentiary hearing based on the allegations set forth in his petition for post-conviction relief. Calvert contends that his petition complied with the pleading requirement of the Mississippi Uniform Post-Conviction Collateral Relief Act, and therefore, he was entitled to a hearing on the merits of his motion.
¶ 16. Calvert relies on Wilson v. State, 577 So.2d 394 (Miss.1991) to support his assertion that the allegations contained in his petition warranted an evidentiary hearing. In that case, the trial court summarily denied the defendant's petition for post-conviction relief without the benefit of a hearing. Id. at 396. However, the supreme court held on appeal that it could not determine whether the defendant actually understood the nature of his guilty plea because the plea hearing was not transcribed by a court reporter. Id. at 397. With only a petition to enter a guilty plea in the record, the court concluded that there was no adequate avenue to examine the defendant's claims. Id. at 397-98. Accordingly, the court reversed and remanded the action to the trial court for an evidentiary hearing. Id.
¶ 17. In the case sub judice, Calvert filed his petition for post-conviction relief, and the trial court directed the State to respond to Calvert's motion. The State subsequently submitted a response to Calvert's petition, and the trial court judge considered the relevant documents in conjunction with the transcript of the plea hearing. The trial judge concluded, in part, as follows:
That the plea hearing transcript reveals that Calvert was present with counsel and that he answered the litany of questions asked by the court to ensure that he understood his rights and that by entering a plea of guilty he was giving up rights he had as a defendant in a criminal proceeding.
That the plea was entered freely and voluntarily.
That Calvert stated that he understood his rights to a trial by jury and an appeal were waived, he was satisfied with his attorney, no one made any representations to him or promised him anything in regard to his possible sentence, he was aware of his maximum and minimum sentence, and he understood the Court could impose the maximum sentence if justified by the circumstances.
That the record does not reveal that Calvert was incriminated by his attorney or that counsel was ineffective.
That Calvert was sentenced to a term within the statutory limits for the aforementioned charge.
¶ 18. Based on the evidence before us, we do not find that the trial court erred in denying Calvert's request for an evidentiary hearing. As stated by our supreme court in a very recent case, "[w]here the record and [Calvert's] prior sworn testimony on their very face belie his claim, an evidentiary hearing is not required." Templeton v. State, 725 So.2d 764, 767, 768 (Miss.1998). The trial court judge considered the complete record, including a transcript of the guilty plea hearing, and did not abuse its discretion when it summarily dismissed Calvert's petition. Calvert's assertions, which directly contradict his prior representations made in open court, arguably amount to nothing more than a "sham." See Ford v. State, 708 So.2d 73, 76 (Miss.1998).
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE SUNFLOWER COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.