840 So.2d 793 (2003)
Amadee GARIBALDI, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CA-01444-COA.
Court of Appeals of Mississippi.
March 18, 2003.
*794 John Edward Jackson, attorney for appellant.
Office of the Attorney General, by Jean Smith Vaughan, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
BRIDGES, J., for the court.
¶ 1. Amadee Garibaldi, Jr. was indicted by the Pike County grand jury on possession of cocaine with intent to distribute, one count of aggravated assault and one count of possession of marijuana with intent to deliver. In addition, he was also charged with assault with a weapon on a law enforcement officer. Garibaldi pled to a reduced charge of simple assault on a law enforcement officer and also pled guilty to the charges of possession of contraband. On August 8th, 2001, the trial judge held a hearing on the appellant's "Petition for Post Conviction Relief." The petitioner's claim was that he was denied effective assistance of counsel, and the results of that hearing were to deny the petitioner's claim.

STATEMENT OF ISSUE
WHETHER THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL?

ANALYSIS
¶ 2. Garibaldi argues that he received ineffective assistance of counsel, because he believes that there was little appreciable contact between him and defense counsel. He also believes that a thorough and aggressive approach to the issues surrounding the assault on a law enforcement officer could have gotten this charge dismissed and that defense counsel failed to seriously pursue positive leads. Further, he argues that defense counsel failed to share with him copies of the State's discovery until after he had entered his guilty plea. Garibaldi claims that the decision to enter a guilty plea was not an informed one and that the inaction of defense counsel in this cause does meet the threshold required in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner cites Holland v. State, 656 So.2d 1192, 1198 (Miss.1995), which asserts:
The normal remedy for a successful ineffective assistance of counsel claim is to remand for a new trial. However, in the facts peculiar to this case, the trial court would have undoubtedly been reversed and a decision rendered for simple possession but for the deficient representation of counsel. Justice requires that we not deny the defendant a remedy that he would otherwise be entitled to as a matter of law had he been afforded representation which fulfilled the *795 minimum requirements of the Sixth Amendment.
¶ 3. The State argues that all claims introduced by the petitioner were refuted with the hearing and the findings of the trial judge. The plea was both voluntary and knowing and in accordance with the standard adopted in Brady v. U.S., 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), which states that a guilty plea can only be entered by "one fully aware of the direct consequences." The State mentions Schmitt v. State, 560 So.2d 148, 156 (Miss.1990), which states that the judge's findings that the plea was validly made and that counsel was effective will not be set aside unless the findings are clearly erroneous. The State also mentions the Strickland standard for determination of ineffective assistance of counsel though they cite the Schmitt case which also outlines the standard. The State's final argument is that there is no indication in the record other than the allegations of Garibaldi that performance of the counsel fell below the standards as defined by Schmitt. In fact, the record supports the exact opposite.
¶ 4. The Supreme Court of the United States in the case of Strickland v. Washington, clearly set the guidelines for judicial determination of cases involving effective or ineffective assistance of counsel. There are two components that Garibaldi must prove in order for his claim of ineffective assistance of counsel to prevail, requiring reversal of his conviction. First, Garibaldi must show that his "counsel's performance was deficient." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Secondly, Garibaldi must show that the "deficient performance prejudiced the defense." Id. This requires showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. In regards to this second prong, Garibaldi must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052; Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). Garibaldi must prove both of these elements in order to succeed on his claim. Id. Each case should be decided based on the totality of the circumstances, that is, by looking to the evidence in the entire record. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990); Stringer, 454 So.2d at 476. The standard of performance used is whether counsel provided "reasonably effective assistance." Leatherwood, 473 So.2d at 968. "There is a strong presumption that counsel's conduct is within the wide range of reasonable professional conduct." Id. at 969. Should we find that Garibaldi's counsel was ineffective, the appropriate remedy is remand for a new trial. Moody v. State, 644 So.2d 451, 456 (Miss.1994).
¶ 5. Garibaldi asserted that he felt badgered by this attorney, but failed to allege specifically what the attorney had done. The record clearly indicates that Garibaldi was well informed about the consequences of his guilty plea, the possible sentences and stated that the plea was not made under threats, promises or coercion. Garibaldi was asked if he was under the influence of anything which would affect his thought processes to which he responded in the negative. He understood he was waiving his constitutional right against self-incrimination and to a jury trial. He also waived any right to a speedy trial as well as his right to take the witness stand on his own behalf or to cross examine witnesses. Garibaldi failed to overcome the presumption of competency of trial counsel, and he has failed to demonstrate that because of deficiencies of counsel his guilty plea should not have been accepted.
*796 Garibaldi also failed to assert anything relevant by citing the Holland case since that case is based on a failure to preserve claims whereas the present case is not. Lastly, there is nothing in the record that even hints there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. Therefore, Garibaldi has failed to prove at least the second element of the Strickland test, a test in which he must prove both elements in order to prevail on his claim of ineffective assistance of counsel.
¶ 6. For the aforementioned reasons we find that Garibaldi's claim of ineffective assistance of counsel is without merit.
¶ 7. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.