¶ 1. Following indictments by the grand jury of Harrison County, Roy Golmon pled guilty to one count of the crime of driving under the influence. A second count was retired to the files. Golmon was sentenced to serve a term of five years with the execution of the sentence suspended, and Golmon was placed on four years' probationary status. However, in February 1999, his probation was revoked when Golmon was arrested again for driving under the influence with a suspended license, and he was charged with felony DUI. Probation was, therefore, revoked and his prior sentence of five years was reinstated plus a fine of five thousand dollars. Golmon filed a post-conviction relief petition which was later denied on the grounds that it was time-barred. He now appeals to this Court.
 STATEMENT OF ISSUES I. WHETHER THE TRIAL JUDGE ERRED IN REFUSING POST-CONVICTION RELIEF ON THE GROUNDS THAT GOLMON'S GUILTY PLEA WAS INVALID.
 II. WHETHER THE TRIAL JUDGE ERRED IN REFUSING POST-CONVICTION RELIEF ON THE GROUNDS THAT THE SENTENCE WAS ILLEGAL.
 III. WHETHER THE TRIAL JUDGE ERRED IN REFUSING POST-CONVICTION RELIEF ON THE GROUNDS THAT THE INDICTMENT WAS FAULTY.
 IV. WHETHER THE TRIAL JUDGE ERRED IN REFUSING RELIEF ON THE GROUNDS THAT THE PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
 V. WHETHER THE TRIAL JUDGE ERRED BY PLACING GOLMON ON PROBATION.
 STANDARD OF REVIEW
¶ 2. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard is de novo."Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss. 1999).
 ANALYSIS
¶ 3. It should be noted that this Court has restricted its analysis in this case solely to the issue of whether Golmon's case is time-barred. This is because the time-bar issue determines whether any of the issues can even be considered. Golmon was sentenced on May 18, 1998, and consequently, the three year period to file any post-conviction relief motion challenging his plea lapsed on May 18, 2001. Section99-39-5(2) of the Mississippi Code Annotated states:
 A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.
Miss. Code Ann. § 99-39-5(2) (Supp. 2002). There are several instances in which a case is exempted from this deadline and they are: (1) when an intervening decision has been handed down by the Supreme Court of Mississippi or of the United States and would adversely affect the conviction; (2) the prisoner has new evidence which would have been conclusive if offered at trial; (3) *Page 1180 
where a prisoner claims his sentence has expired; (4) or when a prisoner's probation, parole, or conditional release has been revoked. Miss. Code Ann. § 99-39-5(2) (Supp. 2002).
¶ 4. Golmon was sentenced on May 18, 1998; therefore, he would have had three years from May 18, 1998, in which to file a timely petition for post-conviction relief, making May 18, 2001, the last date on which Golmon could file a post-conviction petition. Golmon filed the current petition on December 26, 2001, seven months after the three year statutory period had expired. Consequently, Golmon's petition in this case is barred by the statute of limitations, and the issues he brings here are barred as well. Therefore, we affirm the trial court's denial of post-conviction relief.
¶ 5. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYINGPOST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS OF THIS APPEAL AREASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING,MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.