904 So.2d 1225 (2005)
George HARDIMAN a/k/a George Hardman, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00228-COA.
Court of Appeals of Mississippi.
June 14, 2005.
*1226 George Hardiman, appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., CHANDLER and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. George Hardiman pled guilty to the charge of manslaughter before the Circuit Court of Tunica County and was sentenced to twenty years' imprisonment, with ten years suspended. Hardiman filed a petition for post-conviction relief, which the circuit court denied. Aggrieved, Hardiman appealed. Finding no error, we affirm.

PROCEDURAL HISTORY
¶ 2. George Hardiman entered a plea of guilty to the charge of manslaughter before the Circuit Court of Tunica County on October 11, 2000, and was sentenced two days later to twenty years' imprisonment, with ten years suspended. Dissatisfied with the sentence, Hardiman filed a petition *1227 for post-conviction relief, in which he alleged that he had fired a gun into a wall to try to scare off an intruder, and the bullet traveled through several walls and accidentally struck a child. Although Hardiman does not deny shooting the gun that killed the child, he claims to be innocent of the charge of manslaughter, and places blame on the alleged intruder. The circuit court, in a detailed order, denied relief on October 29, 2003, without an evidentiary hearing and found all of Hardiman's claims to be without merit. Notably, there is no indictment and no transcript of the plea colloquy in the record before us.

STANDARD OF REVIEW
¶ 3. When reviewing the denial of a post-conviction motion, this Court will not disturb a trial court's finding of fact unless found to be clearly erroneous. Golmon v. State, 844 So.2d 1178, 1179(¶ 2) (Miss.Ct.App.2003). In order to resolve the merits of the allegations, the trial judge must review the "original motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack." Miss.Code Ann. § 99-39-11(1) (Rev.2000). It is generally true that when the appellate record contains no transcript of the plea qualification hearing, the appellate court must presume the trial court acted properly. Ford v. State, 708 So.2d 73, 75(¶ 9) (Miss.1998).

ANALYSIS

A. Was Hardiman's guilty plea voluntarily entered?
¶ 4. Although Hardiman raises a number of assignments of error, his main claim is that he is, in fact, innocent of the crime of manslaughter. Hardiman alleges that his plea was not voluntarily entered because he only pled guilty based upon the promise of his counsel that, if he pled guilty, he would only receive probation or house arrest. Contrary to this contention, Hardiman's petition to enter a guilty plea not only stated, "I am guilty," but also that: "No agreements have been reached with regard to a recommended sentence as a result of so-called `plea-bargaining.' Neither my attorney nor any other person has represented to me that I will receive any particular sentence if I plead guilty. The final decision as to the sentence rests with the Court." Hardiman represented in his petition that "no officer or agent of any branch of government nor any other person has made any promises or inducements of any kind to me or within my knowledge to anyone else that I will receive a lighter sentence, probation, early release, or any other form of leniency if I plead guilty." (emphasis added). He further stated that he had not been "intimidated or coerced in any manner to plead guilty." Hardiman acknowledged that even if there were any agreement as to a plea, as to a sentence, which in case there was not, that such agreement would not be binding upon the court and that the court might impose the same sentence as if he had pled not guilty and been found guilty by a jury. Hardiman subscribed his name to each page of the petition. The trial court's order noted that Hardiman was questioned extensively so that the court could determine whether Hardiman was entering his plea knowingly and voluntarily. Hardiman was also questioned as to whether he understood the maximum and minimum sentence that could be imposed, and that the court would determine his sentence. After questioning Hardiman, the trial court was satisfied that the plea was voluntarily entered and that he understood the implications associated with entering a guilty plea.
¶ 5. A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. *1228 Myers v. State, 583 So.2d 174, 177 (Miss. 1991). A plea is deemed "voluntary and intelligent" only where the defendant is advised concerning the nature of the charge against him and the consequences of his plea. Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). The defendant must be informed that a guilty plea waives the right to confront adverse witnesses, the right to trial by jury, and the right to protection against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Considering these requirements and the statements made in Hardiman's petition to enter a guilty plea, it is evident that Hardiman was aware of the nature of the charges against him and the consequences of his guilty plea. There is no evidence to support Hardiman's claim that he was induced by his attorney's promise that he would receive a lesser sentence. Thus, this issue lacks merit.

B. Did Hardiman receive effective assistance of counsel?
¶ 6. Hardiman also claims that his retained counsel failed to adequately investigate the facts and failed to discover key pieces of evidence which would have demonstrated his innocence. However, in Hardiman's petition he represented, "I have told my lawyer all of the facts and circumstances known to me about the charge asserted in the indictment.... I believe that my lawyer is fully informed on all such matters." Further, Hardiman acknowledged in his petition, "I believe my lawyer is competent and has done all that anyone could do to counsel and assist me, and I am fully satisfied with the advice and help he has given me." Since this Court presumes counsel to be competent, Hardiman has the burden of showing counsel was ineffective under the two part test articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Brooks v. State, 573 So.2d 1350, 1353 (1990). Hardiman must prove that his counsel's performance was deficient, and also that the deficiency prejudiced the defense so as to deprive him of a fair trial. Strickland, 466 U.S. at 687-696, 104 S.Ct. 2052. Hardiman has clearly failed to demonstrate that his attorney's advice was not well within the range of competence required of attorneys in criminal cases. See Brooks at 1355. As the trial court stated in its order denying post-conviction relief, "Hardiman has failed to put forth any evidence to indicate that he would not have pled guilty except for the fact that his attorney failed to do a more thorough investigation." Hardiman's claims of ineffective assistance of counsel are unsupported by the evidence and without merit.

C. Was Hardiman entitled to an evidentiary hearing?
¶ 7. Hardiman contends that he was denied an opportunity to present evidence supporting his claims of errors by the trial court. Hardiman asserts that, under the provisions of the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated §§ 99-39-1 to -29 (Rev.2000), he was entitled to an evidentiary hearing. However, the right to an evidentiary hearing is not guaranteed. The act simply provides that after reviewing the record the trial judge has discretion in allowing an evidentiary hearing. Miss.Code Ann. § 99-39-19(1) (Rev. 2000). Thus, the trial court is not required to grant an evidentiary hearing on every petition it entertains. McMillian v. State, 774 So.2d 454(¶ 6) (Miss.Ct.App.2000). This Court has consistently held that mere allegations in the pleadings which are otherwise unsupported are not sufficient to require an evidentiary hearing. McCuiston v. State, 758 So.2d 1082, *1229 1085(¶ 9)(Miss.Ct.App.2000). Since no evidence accompanied Hardiman's motion to contradict the trial court's findings when the guilty plea was entered, Hardiman was not entitled to an evidentiary hearing.

D. Were Hardiman's due process and equal protection rights denied?
¶ 8. While Hardiman alleges his constitutional rights were violated, he presents no evidence to such effect. The record is devoid of any evidence or support of any kind indicating violations of Hardiman's right to due process or equal protection. This Court will not consider the assignment of error because it is not supported. Jones v. State, 481 So.2d 798, 804 (Miss. 1985) (quoting Harmon v. State, 453 So.2d 710, 712 (Miss.1984)).

E. Did the facts of the case prove that Hardiman was innocent.
¶ 9. Hardiman alleged that, although he fired a gun in an attempt to scare off an intruder and the bullet traveled through several walls and accidentally killed a child, he is innocent of the charge of manslaughter. Instead of accepting responsibility for firing a lethal weapon into the wall of the dwelling where a child was sleeping, Hardiman claims to be the victim. To the contrary, by entering a plea of guilt, Hardiman stated that he did commit the crime. The petition to enter a guilty plea specifically stated, "I am guilty and ask the Court to accept my plea of guilty." Hardiman, in his petition, also stated, "I have not been encouraged by any person to answer falsely any question in this petition...." Further, the trial court, in its order, stated that Hardiman was asked whether he committed the crime. Hardiman's guilty plea was not a mere admission of guilt, it was tantamount to a conviction and as conclusive as a jury verdict. Yates v. State, 342 So.2d 312, 316 (Miss.1977). Therefore, Hardiman's profession of innocence after pleading guilty is to no avail.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.