914 So.2d 1287 (2005)
Edward J. PEVEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-02103-COA.
Court of Appeals of Mississippi.
November 22, 2005.
*1288 Edward J. Pevey, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
EN BANC.
BRIDGES, J., for the Court.
¶ 1. On September 11, 2001, Edward Pevey pled guilty to selling more than one ounce but less than five kilograms of marijuana and to also possessing more than one kilogram but less than ten kilograms of marijuana with the intent to distribute. The Circuit Court of Claiborne County sentenced Pevey to two concurrent ten year terms. On August 9, 2004 Pevey filed a petition for post-conviction relief which the circuit court denied. Pevey challenges this ruling arguing (1) the search and seizure violated the Fourth Amendment, (2) the guilty plea was entered because of a promise of leniency, and (3) ineffective assistance of counsel.

STATEMENT OF FACTS
¶ 2. On November 3, 2000, Edward Pevey sold a quantity of marijuana to a confidential informant from his home in Pattison. Pevey contends that the officers did not have a warrant or the exigent circumstances to search his home after selling the marijuana. While searching the house the officers also found around twenty pounds of marijuana and numerous firearms according to the arrest reports.
¶ 3. Pevey further contends that while the officers searched his home that they *1289 repeatedly promised lenient treatment if he cooperated. According to their reports, these officers, also knew of Pevey's involvement with another seller located in Florence, Tommy Cockrell. Pevey told the officers that a man transported the drugs from Houston named Gerald Enderli and intended for Pevey to transport some of the illegal drugs to Cockrell in Florence. Meanwhile, Enderli remained in a hotel room in Natchez waiting for the money they owed him. In cooperating with the officers Pevey arranged for the transporter, Enderli, to meet them at the Flying J in Pearl for the payment. After making the payment, the officers arrested Enderli. On November 10, the police also arrested Cockrell.
¶ 4. After the grand jury returned an indictment against Pevey, he filed a petition to enter a plea of guilty. Pevey claims that his attorney asked him for large sums of money in order to get a good plea bargain and that the court and prosecutor agreed to certain amounts for certain sentences. Pevey also contends that his attorney never questioned witnesses he suggested that could verify that the officers promised him leniency for cooperation.

ANALYSIS
¶ 5. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard is de novo." Golmon v. State, 844 So.2d 1178, 1179(¶ 2) (Miss.Ct.App.2003) (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999))

I
¶ 6. Pevey first contends that the search and seizure violated the Fourth Amendment because the officers did not enter his home with a warrant. Pevey also argues that the situation did not create exigent circumstances to prevent the officers from obtaining a warrant. He further argues that the officers created any exigent circumstances that may have existed in order to circumvent the warrant requirement. However, the possibility does remain that exigent circumstances could exist to enter the home such as in Moss v. State, 411 So.2d 90 (Miss.1982) where the officer heard the code word to know that a drug sale was happening after announcing his presence and the officer had a justified belief that the drugs might be destroyed.
¶ 7. However, Pevey waived his challenge to this constitutional violation by pleading guilty. This case is similar to Young v. State, 859 So.2d 1025, 1028 (¶ 8-10) (Miss.Ct.App.2003) where the court found that the defendant waived his probable cause violation to searching his vehicle by pleading guilty. Here, Pevey waived his search and seizure claim by pleading guilty. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea." Battaya v. State, 861 So.2d 364, 366(¶ 5) (Miss.Ct.App.2003) (citing Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235, (1973)).

II
¶ 8. Pevey next argues that the guilty plea was not voluntary and knowingly entered because of a promise of leniency from the arresting officers. However in Pevey's plea hearing the court asked him if anyone influenced or threatened him to plead guilty. Pevey responded that no one *1290 compelled him to plead guilty. The Court can place great weight on the sworn testimony of a defendant given at a plea hearing leaving the defendant with a high hurdle in recanting that testimony. Calvert v. State, 726 So.2d 228, 231(¶ 10) (Miss.Ct. App.1998)
¶ 9. Pevey contends that he only helped the officers because they promised him leniency. He cites to cases such as Agee v. State, 185 So.2d 671, 674 (Miss. 1966) that point out, "a confession made after the accused has been offered some hope of reward if he will confess or tell the truth cannot be said to be voluntary." However, this point of argument concerns Pevey's knowing and voluntary waiver of his right to trial and not a confession. To what extent Pevey intended to make a coerced confession claim, he waived this right by pleading guilty as he waived his search and seizure claim.
¶ 10. The true question here asks whether Pevey knowingly and voluntarily waived his right to trial. Similarly in Hardiman v. State, 904 So.2d 1225, (Miss.Ct. App.2005) the Court had someone make this contention after filling out a petition to plead guilty which stated that no officer or agent induced him to plead guilty. Here Pevey not only agreed that he understood what he agreed to in his petition, but he agreed to this when questioned by the judge at his plea hearing. "Considering these requirements and the statements made in [petitioner's] petition to enter a guilty plea, it is evident that [petitioner] was aware of the nature of the charges against him and the consequences of his guilty plea." Hardiman 904 So.2d at 1228(¶ 5) Pevey fails to show he did not make a knowingly and intelligent plea.

III
¶ 11. Pevey also argues that he received ineffective assistance of counsel. However, Pevey noted at his plea hearing his satisfaction with the advice and help of his attorney. For a defendant to prove a claim of ineffective assistance of counsel, the petitioner must show that under the totality of the circumstances, that (1) his attorney's performance was deficient and (2) the deficiency deprived him of a fair trial. Jackson v. State 815 So.2d 1196, 1200(¶ 8) (Miss.2002)
¶ 12. Pevey believes that his attorney acted deficiently since he failed to interview the witnesses Pevey suggested to him. Pevey also contends that his attorney would not show him the discovery that he received on the case. Finally, Pevey recounts times that his assigned attorney asked him for specific amounts of money in order to get certain jail sentences.
¶ 13. In a similar case, Swindoll v. State, 859 So.2d 1063 (Miss.Ct.App.2003), the defendant claimed that he failed to receive effective counsel because of his attorney's failure to investigate police misconduct which brought out his confession. The Court looked into where the trial court interviewed him at his plea hearing on the effectiveness of his counsel and whether anyone forced him to plea. "He mentioned nothing about [his attorney's] alleged failure to investigate the validity of his confession.... Therefore, in light of the facts and record of this case, we hold that Swindoll did not receive ineffective assistance of counsel." Swindoll, 859 So.2d at 1067(¶ 19).
¶ 14. In Garibaldi v. State, 840 So.2d 793, 794(¶ 2)(Miss.Ct.App.2003) the petitioner argued that his trial counsel failed to share with him copies of the State's discovery until after he had entered his guilty plea. However, Garibaldi failed to show this would effect the outcome of the trial. The Mississippi Supreme Court also puts weight on the petitioner's own testimony at his plea hearing that he felt satisfied *1291 with his attorney as Pevey noted in his plea hearing. King v. State, 738 So.2d 240, 241(¶ 6) (Miss.1999). Consequently, Pevey did not receive ineffective assistance of counsel.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY DENYING POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.