ROBERTS, J.,
for the Court:
¶ 1. On July 9, 2008, in the Circuit Court of Warren County, Jeremy Wright pled guilty to a single count of armed robbery. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC). Over a year after being sentenced, Wright filed his motion for post-conviction relief (PCR) which was subsequently denied by the Warren County Circuit Court.
¶ 2. Aggrieved by the circuit court’s disposition of his PCR motion, Wright appeals.
FACTS AND PROCEDURAL HISTORY
¶ 3. Wright, age twenty-two, was indicted on two counts of armed robbery pursuant to Mississippi Code Annotated section 97-3-79 (Rev.2006). He pled guilty to one count of armed robbery, and the second count was nol prossed by the State. On August 18, 2008, the circuit judge sentenced Wright to serve twenty years in the custody of the MDOC.
¶ 4. On November 12, 2009, Wright filed his PCR motion with the Warren County Circuit Court. The circuit judge denied his PCR motion on the ground that it was without merit because Wright had failed to show ineffective assistance of counsel.
¶ 5. On appeal to this Court, Wright’s raises the following issues, which we state verbatim:
I. The appellant received ineffective assistance of counsel in violation of his *685 Sixth Amendment right to the United States Constitution: Counsel was defi.cient for recommending a plea to armed robbery instead of pursuing a motion to suppress appellant’s confession, the State’s chief evidence, which [was] inadmissible for the following reasons:
a. The appellant’s confession was involuntary as the result of promises, threats[,] and improper inducements in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Section 23 [a]nd 26 of the Mississippi Constitution.
b. The appellant’s confession to armed robbery is inadmissible on the failure of authorities to provide him with an initial appearance “Without Unnecessary Delay” as required by Unif [.] Crim. R. Cir. Ct. Prac. 6.03 and a violation of his Fifth [a]nd Sixth Amendment to the U[nited] S[tates] Constitution rights.
c. The appellant’s confession [is] inadmissible as an exploitation of an illegal arrest pursuant to an invalid warrant followed by an illegal detention and custodial interrogation in contravention of his rights under the Fourth [a]nd Fourteenth Amendment of the United States Constitution and the corresponding provision of the Mississippi Constitution.
II. The appellant received ineffective assistance of counsel in violation of his Sixth Amendment right of the United States Constitution by counsel’s failure to adequately investigate the circumstances surrounding [appellant’s] confessions and applicable law.
Finding no error, we affirm the judgment of the circuit court.
STANDARD OF REVIEW
¶ 6. “When reviewing a lower court’s decision to deny a motion for post[-]conviction relief[,] this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999) (Citing Bank of Miss. v. S. Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)). However, questions of law are reviewed de novo. Id.
ANALYSIS
¶ 7. Wright’s main assertion in his brief is that he received ineffective assistance of counsel. When assessing an ineffective-assistance-of-counsel claim, Mississippi applies the two-prong test found in the United States Supreme Court case Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires the appellant to show that counsel’s performance was deficient. Id. The second prong requires the appellant to show that counsel’s deficient performance prejudiced him so greatly “as to deprive the [appellant] of a fair trial.” Id. We find that Wright failed to satisfy both prongs as required under Strickland.
¶ 8. Under prong one of Strickland, Wright asserts that his attorney’s actions were deficient when he failed to pursue a motion to suppress Wright’s confession and,- instead, recommended that Wright plead guilty to one count of armed robbery. Wright claims that his confession, which was the State’s “chief evidence” against him for the armed robbery, was involuntary because the officer promised to “help” him if he confessed to the crime. He asserts that he would not have confessed had he not been in fear of losing the officer’s help. Wright further argues that his confession was inadmissible because he was not provided with an initial appearance without unnecessary delay, and his *686 arrest and subsequent interrogation were illegal. Wright’s final argument is that his attorney’s actions were deficient because the circumstances surrounding his confession were not adequately investigated.
¶ 9. In Pevey v. State, 914 So.2d 1287, 1289 (¶ 6) (Miss.Ct.App.2005), Edward Pe-vey argued that the search of his home and subsequent seizure of marijuana from his home violated the Fourth Amendment to the United States Constitution. This Court held that Pevey “waived his challenge to this constitutional violation by pleading guilty.” Id. at (¶ 7). In Mississippi, “[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea.” Id. (quoting Battaya v. State, 861 So.2d 364, 366 (¶ 6) (Miss.Ct.App.2003)). Like Pevey, Wright contends that his constitutional rights were violated. Application of Pevey's holding to this case prohibits Wright from raising any constitutional-violation issues that occurred before he entered his guilty plea, including the vol-untariness of his confession, the inadmissibility of his confession due to an illegal arrest and interrogation, and the failure to provide him with an initial appearance without unnecessary delay. At Wright’s guilty-plea hearing, the circuit judge thoroughly questioned Wright, under oath, about the voluntariness of his guilty plea. The transcript provides:
THE COURT: Okay. Now, before I can accept your plea, I have to ask you some questions to determine whether you know what you’re doing, you understand what you’re doing, and whether your actions are free and voluntar[y] in order to determine whether to accept your plea.
THE DEFENDANT: Yes, sir.
[[Image here]]
THE COURT: You do not have to answer any question I ask you. Your attorney is standing next to you. If you want to talk to him in private at any point during this proceeding, you’re free to do so. You will be under oath. Any answer that you do give can and will be used against you. Knowing these thing, do you still wish to enter a guilty plea? THE DEFENDANT: Yes, sir.
THE COURT: Please raise your right hand.
(THE DEFENDANT IS SWORN BY THE CLERK)
[[Image here]]
THE COURT: What’s your plea on the charge of armed robbery of Brett Bailess with a firearm?
THE DEFENDANT: Yeah.
THE COURT: What are you pleading?
THE DEFENDANT: Guilty, guilty.
THE COURT: You’re pleading guilty to that? You committed that crime?
THE DEFENDANT: Yes, sir.
[[Image here]]
THE COURT: Has anybody threatened you in order to make you plead guilty?
THE DEFENDANT: No, sir.
THE COURT: Has anybody promised you anything in order to make you plead guilty?
THE DEFENDANT: No, sir. No, sir. THE COURT: Has your attorney made any threats or promises to you in this case?
THE DEFENDANT: No, sir.
THE COURT: Has anybody told you I’d be easier on you if you pled guilty?
THE DEFENDANT: No, sir.
THE COURT: Do you fully understand the consequences of your act in pleading *687 guilty to the charge? That is, do you understand that you’re admitting that you did, in fact, commit the crime of armed robbery?
THE DEFENDANT: Yes, sir.
¶ 10. By entering a valid guilty plea, Wright “explicitly waived any right to suppress the alleged coerced confession”. Swindoll v. State, 859 So.2d 1063, 1065 (¶ 7) (Miss.Ct.App.2003).
¶ 11. At the guilty plea hearing, the circuit judge also questioned Wright on the adequacy of his attorney’s representation, as follows:
THE COURT: Mr. Wright, are you satisfied with the services of your attorney? THE DEFENDANT: Yes, sir.
THE COURT: Has he threatened you in any manner or promised you anything in order to get you to enter this guilty plea?
THE DEFENDANT: No, sir.
[[Image here]]
THE COURT: Do you believe he’s properly advised you on this guilty plea?
THE DEFENDANT: Yes, sir.
THE COURT: Do you believe he’s properly represented you in this case?
THE DEFENDANT: Yes, sir.
THE COURT: I’ve attempted to question you thoroughly about your plea of guilty and be satisfied that you’re fully acquainted with your rights. Do you still wish to enter a guilty plea?
THE DEFENDANT: Yes, sir.
(Emphasis added).
¶ 12. Wright clearly indicated at his guilty-plea hearing that he was satisfied with the advice and representation his attorney provided. Wright also indicates his satisfaction with his attorney and his attorney’s representation when he signed the petition to enter plea of guilty. The petition states:
4. I told my lawyer all of the facts and circumstances known to me about the charge(s) against me. I believe my lawyer is fully informed on all such matters. My lawyer has counseled and advised me of the nature of each charge; and on any and all lesser included charges; and on all possible defenses that I might have in the case[.]
5. My lawyer has advised me as to the probabilities of my conviction on the charges with which I am charged and thoroughly discussed all aspects of my case with me. My lawyer has made no threats or promises of any type or kind to induce me to enter this plea of guilty ... and the decision to seek the entry of this plea was my own and mine alone, based on my own reasons and free from any outside coercive influences.
[[Image here]]
13. I believe that my lawyer has done all that anyone could" do to counsel and assist me. I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME. I recognize that if I have been told by my lawyer that I might receive probation or a light sentence, this is merely his prediction and is not binding on the Court.
¶ 13. Wright represented, orally and in writing, to the circuit court that he was satisfied with his attorney’s performance and advice. At his guilty-plea hearing, Wright mentioned nothing about his attorney’s failure to pursue a motion to suppress or the failure to investigate adequately the circumstances surrounding Wright’s confession. This Court, in holding that Mickeal Swindoll did not receive ineffective assistance of counsel, relied on Swindoll’s affirmative answer when asked about his satisfaction with his attorney’s representation. Swindoll v. State, 859 So.2d 1063, 1067 (¶¶ 18-19) (Miss.Ct.App.2003). We hold the same today. Wright *688 twice answered affirmatively that he was satisfied with his attorney’s representation. His claim is without merit.
¶ 14. Further, Wright has failed to provide sufficient evidence to justify the need for an evidentiary hearing. The Mississippi Supreme Court “has implicitly recognized in the post-conviction relief context that where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Vielee v. State, 653 So.2d 920, 922 (Miss.1995) (citing Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990)). The only evidence Wright has presented to this Court is his unsworn affidavit, which is not sufficient evidence to show ineffective assistance of counsel.
¶ 15. Finding that Wright failed to present sufficient cause to justify an evi-dentiary hearing, we affirm the circuit court’s denial of his PCR motion.
¶ 16. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.