GRIFFIS, P.J.,
for the Court:
¶ 1. Andrew Conwill pleaded guilty to aggravated assault upon Charles Kuebler. Conwill later filed a motion for post-eonviction relief (PCR) in the circuit court, in which it was argued that: (1) a nolle pro-sequi was improperly entered; (2) Con-will’s guilty plea was involuntary because the State had threatened to use an illegally obtained confession against him; (3) legal counsel should have been appointed to assist Conwill with his PCR motion; and (4) Conwill received ineffective assistance of counsel because his attorney had advised him that he would be eligible for parole after serving twenty-five percent of his sentence. The circuit court denied the PCR motion without an evidentiary hearing. Finding no error with the circuit court’s denial, we affirm.
*1175 FACTS AND PROCEDURAL HISTORY
¶ 2. On January 4, 2004, Conwill entered Kuebler’s residence at 35 Breakers Lane, Ridgeland, Mississippi, where he saw Kue-bler and a female (Conwill’s then fiancé) lying together on the couch asleep. Conwill then struck Kuebler repeatedly with his fists, causing damage to the bones in Kue-bler’s face and jaw.
¶ 3. On April 14, 2004, Conwill entered Collin King’s and Kuebler’s residence at 715 Rice Road, Apartment 39D, Ridgeland, Mississippi, after kicking open the front door to the residence. Conwill ran from the residence upon encountering King, who was the only person present inside the residence at the time. As Conwill fled, he reportedly shouted out to King that if Kue-bler “doesn’t stop talking ..., he’s dead.”
114. In July 2004, a Madison County grand jury returned a single-count indictment against Conwill, styled cause number 2004-0557, charging him with breaking and entering into the residence at 35 Breakers Lane on January 4, 2004, with the intent to commit the crime of assault. The same grand jury also returned a single-count indictment against Conwill, styled cause number 2004-0558, charging him with breaking and entering into the residence at 715 Rice Road, Apartment 39D on April 14, 2004, with the intent to commit the crime of assault.
¶ 5. In September 2005, a subsequent grand jury returned a two-count indictment against Conwill, styled cause number 2006-004. Count one of this indictment charged Conwill with breaking and entering into the residence at 35 Breakers Lane on January 4, 2004, with the intent to commit the crime of assault. Count two charged Conwill with breaking and entering into the residence at 715 Rice Road, Apartment 39D on April 14, 2004, with the intent to commit the crime of assault.
¶ 6. In January 2006, the circuit court granted a nolle prosequi on the July 2004 indictments, cause numbers 2004-0557 and 2004-0558, respectively, with “re[-]indictment” stated as the reason.
¶ 7. Cause number 2006-004 went to trial in April 2008. Sometime prior to trial, Conwill had requested and was granted a severance of the two counts in his indictment, with no objection from the State. The State then proceeded on count two (the April 14 burglary charge) instead of count one (the January 4 burglary charge). Following a two-day jury trial, Conwill was found guilty of breaking and entering into the residence located at 715 Rice Road with the intent to commit assault.
¶ 8. At the conclusion of the trial, the State informed the circuit court that it wished to nolle prosequi count one of cause number 2006-004. On May 12, 2008, the circuit court sentenced Conwill to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years to serve, ten years suspended, and five years of post-release supervision.
¶ 9. In June 2008, a Madison County grand jury indicted Conwill for aggravated assault upon Kuebler at 35 Breakers Lane on January 4.
¶ 10. In December 2008, represented by new counsel, Conwill entered a guilty plea to the crime of aggravated assault. The circuit court accepted Conwill’s guilty plea, and, in accordance with the State’s sentencing recommendation, the court sentenced Conwill to twenty years in the custody of the MDOC, with seventeen years to serve, three years suspended, and three years of post-release supervision. The circuit court ordered this sentence to run concurrently with Conwill’s sentence for the burglary conviction.
*1176 ¶ 11. Conwill timely filed a PCR motion, which the circuit court denied. This appeal followed.
STANDARD OF REVIEW
¶ 12. “When reviewing a circuit court’s denial of a PCR motion, factual findings will not be disturbed unless they are clearly erroneous.” Williams v. State, 64 So.3d 1037, 1039 (¶ 6) (Miss.Ct.App.2011). Questions of law are reviewed de novo. Ruff v. State, 910 So.2d 1160, 1161 (¶ 7) (Miss.Ct.App.2005).
DISCUSSION
¶ 13. At the outset, we find that Conwill fails to argue on appeal two claims presented in his PCR motion to the circuit court, those being that ConwilPs legal counsel misadvised him with regard to parole eligibility and that Conwill was entitled to legal assistance with his PCR motion. Accordingly, we hold that Conwill has abandoned these two issues; thus, they will not be considered on appeal. Fluker v. State, 17 So.3d 181, 182-83 (¶ 4) (Miss.Ct.App.2009). We will address Con-will’s other two issues.
I. Nolle Prosequi
¶ 14. Conwill claims the State engaged in prosecutorial misconduct by requesting a nolle prosequi on the January 4 burglary charge and then re-indicting him for the crime of aggravated assault. Con-will avers that the State was required, but failed, to show “manifest necessity” to nolle pros the burglary charge, when done for the purpose of re-indicting him for aggravated assault. Conwill claims the State was motivated by the lack of evidence for the January 4 burglary charge, which came to light during his trial for the April 14 burglary charge, when defense witness, Jeffrey McDonald, who was Kue-bler’s roommate at 35 Breakers Lane in January 2004, testified that he had invited Conwill inside the residence prior to the assault incident on January 4. Conwill asks that we vacate both his conviction and sentence and return him to the position he maintained prior to when the State nolle prosequied the January 4 burglary charge.
¶ 15. Mississippi Code Annotated section 99-15-53 (Rev.2007) provides:
A district attorney, or other prosecuting attorney, shall not compromise any cause or enter a nolle prosequi either before or after indictment found, without the consent of the court; and, except as provided in the last preceding section, it shall not be lawful for any court to dismiss a criminal prosecution at the cost of the defendant, but every cause must be tried unless dismissed by consent of the court.
¶ 16. “[T]he entry of a nolle pro-sequi unconditionally dismisses a criminal indictment, but without prejudice to the [S]tate to seek re-indictment.” Payton v. State, 41 So.3d 713, 717 (¶12) (Miss.Ct.App.2009) (citation omitted). Generally, the defendant may be reindicted and retried for the same offense. Beckwith v. State, 615 So.2d 1134, 1147 (Miss.1992). Or, the defendant may be indicted for “another offense actually committed for which the defendant was not tried.” State v. Thornhill, 251 Miss. 718, 723, 171 So.2d 308, 310 (1965).
¶ 17. Duncan v. State, 939 So.2d 772 (Miss.2006) illustrates the State’s authority to nolle pros an original indictment and indict for a different offense. In Duncan, the defendant was initially indicted on capital murder for killing an individual during the commission of an armed robbery. Id. at 774 (¶ 1). Following two mistrials, each due to a hung jury, the State requested and was granted a nolle prosequi on the original indictment. Id. at (¶¶ 1-2). The State subsequently indicted the defendant under two counts, murder and armed robbery, arising from the same facts and cir *1177 cumstances. Id. at (¶ 2). At the third trial, the defendant objected to the new indictment on the grounds of double jeopardy and speedy trial, which the circuit court overruled. Id. at 776 (¶ 12). The jury was unable to reach a verdict on the murder charge, but it found the defendant guilty of armed robbery. Id. at 774 (¶ 3). On appeal, the supreme court affirmed the defendant’s robbery conviction, holding that Mississippi law permits the dismissal of an indictment for re-indictment “on a separate charge arising out of the same facts and circumstances.” Id. at (¶ 15) 776-77 (quoting- State v. Shumpert, 723 So.2d 1162, 1167 (Miss.1998)).
¶ 18. Here, we find that, under Mississippi law, the State had the authority to seek a nolle prosequi for the January 4 burglary charge and to indict Conwill subsequently for the offense of aggravated assault. And Conwill’s contention that the State was required to show “manifest necessity” in order to do so in this instance is meritless.
¶ 19. The standard of “manifest necessity,” as used in the cases from which Conwill principally relies,[1] is a term of art in double-jeopardy jurisprudence. The phrase has come to mean that once jeopardy attaches to a criminal charge brought to trial, a “high degree” of necessity is required “before concluding that a mistrial is appropriate.” See Jones v. State, 398 So.2d 1312, 1318 (Miss.1981) (quoting Arizona v. Washington, 434 U.S. 497, 506, 98 S.Ct. 824, 54 L.Ed.2d 717 (1977)). Manifest necessity was not applicable in Con-will’s case because jeopardy, as Conwill acknowledges, had not yet attached to the January 4 burglary charge when the State sought to nolle pros the charge.
¶ 20. Lastly, Conwill’s guilty plea to aggravated assault waived any non-ju-/ risdictional rights or complaints incidental to trial. Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991). This includes complaints of prosecutorial misconduct. Evans v. State, 61 So.3d 922, 925 (¶ 9) (Miss.Ct.App.2011). Accordingly, we find no merit to Conwill’s argument that the State had engaged in prosecutorial misconduct by its decision to nolle prosequi the burglary charge and indict for aggravated assault.
II. Voluntariness of Conwill’s Guilty Plea
¶ 21. Conwill claims that his guilty plea was involuntary because he was coerced by his probation officer into making an incriminating statement on the pre-sentence investigation report for his April 14 burglary conviction, in which he admitted to beating up Kuebler on January 4. Conwill alleges that the State then threatened to use his statement against him if he elected to take the aggravated-assault charge to trial.
¶ 22. Based on our review of the record, the circuit court explained to Conwill prior to accepting his guilty plea that when a defendant enters a guilty plea, the defendant waives certain rights, challenges, and/or claims that otherwise may be available to him in a trial setting. In Wright v. State, 57 So.3d 683, 686-87 (¶¶ 9-10) (Miss. *1178 Ct.App.2011), we held that this includes an allegation of a coerced confession.
¶23. Further, Conwill declared in his plea petition that no officer or agent of any 'branch of government had threatened, forced, or coerced him in any manner with regard to his decision to enter a guilty plea. During his plea colloquy, Conwill told the circuit court that he had reviewed and understood everything contained in the petition and that every statement or representation he made therein was true and correct. Conwill then told the circuit court that no one pressured, intimated, threatened, or coerced him into pleading guilty to the crime of aggravated assault, and no one promised him any special treatment in exchange for his guilty plea.
¶ 24. As this Court has held, great weight may be placed on a defendant’s sworn testimony given at a plea hearing, and the defendant faces a “high hurdle in recanting that testimony.” Pevey v. State, 914 So.2d 1287, 1290 (¶ 8) (Miss.Ct.App.2005) (citing Calvert v. State, 726 So.2d 228, 231 (¶ 10) (Miss.Ct.App.1998)). The only evidence offered by Conwill in support of his claim were his own unsupported assertions.[2] The circuit court rejected this evidence, and we concur with the court’s decision. Cf. Smith v. State, 636 So.2d 1220, 1224 (Miss.1994) (where the Mississippi Supreme Court stated, “[w]hen we compare [Ricky Lee Smith’s] previous sworn testimony during his guilty plea with his current affidavit, the latter is practically rendered a ‘sham,’ thus allowing the summary dismissal of the petition to stand”). This issue is without merit.
¶ 25. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.

. See, e.g., Illinois v. Somerville, 410 U.S. 458, 459, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973) (holding that an Illinois trial judge’s determination to grant a mistrial over the defendant’s objection, due a procedural error that would have resulted in reversal on appeal, met manifest-necessity requirement); Wilson v. State, 574 So.2d 1324, 1333 (Miss.1990) (noting that a hung jury is a "well recognized” example of manifest necessity); cf. McNeal v. Hollowell, 481 F.2d 1145, 1152 (5th Cir.1973) (holding that a trial judge’s decision to grant State’s request for a mistrial in order to allow the State an opportunity to shore up weaknesses in its case against the defendant did not meet the manifest-necessity requirement).

. Though inconsequential to our disposition of the issue, we agree with the State that the statement of specific facts contained in Con-will’s PCR motion is not properly sworn out. Because the circuit court did not specifically address this matter, neither shall we.