# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CP-00175-SCT

*LARRY MITCHELL*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 1/4/2001 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | VACATED AND REMANDED-03/07/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/28/2002 |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1. This appeal filed by Larry Mitchell ("Mitchell") seeks reversal of the Coahoma County Circuit Court order summarily denying his post-conviction claim of ineffective assistance of counsel.

## STATEMENT OF THE CASE

¶2. This Court, pursuant to Miss. Code Ann. § 99-39-27, issued an order on July 21, 2000, Cause Number 1999-M-1619, granting Mitchell an application to file a motion for post-conviction relief in the trial court on the issue of ineffective assistance of counsel. The trial court, pursuant to Miss. Code Ann. § 99-39-11, summarily dismissed the motion without a hearing. Miss. Code Ann § 99-39-11(4), however, states "[t]his section shall not be applicable where an application for leave to proceed is granted by the Supreme Court under § 99-39-27.

## FACTS

¶3. Mitchell was tried and convicted in the Circuit Court of Coahoma County on charges of burglary of an inhabited dwelling at night while armed with a deadly weapon (Count I), aggravated assault (Count II) and

possession of a firearm by a convicted felon (Count III). On August 21, 1998, the Mississippi Court of Appeals affirmed the convictions and sentences in Counts II and III but reversed and rendered as to Count I. *Mitchell v. State*, 720 So.2d 495 (Miss. Ct. App. 1998). On September 29, 1999, Mitchell filed in the Supreme Court an Application for Leave to Proceed in the Trial Court, pursuant to Miss. Code Ann. § 99-39-27 (1972). The State filed its response on May 30, 2000. By its order issued on July 21, 2000, Cause Number 1999-M-1619, this Court granted the application "to the extent that Mitchell may present his post-conviction claim of ineffective assistance of counsel to the Circuit Court of Coahoma County." Afterwards, Mitchell filed a motion for post-conviction relief in the Circuit Court of Coahoma County. The Circuit Court of Coahoma County summarily denied Mitchell's post-conviction claim of ineffective assistance of counsel pursuant to § 99-39-11. The State conceded in its brief that this matter needed to be remanded to the Coahoma County Circuit Court for an evidentiary hearing because of the grant of the application by the Supreme Court.

## DISCUSSION

¶4. Mitchell filed his Application for Leave to Proceed in the Trial Court pursuant to § 99-39-27. Subsection (7) of that statute

> prescribes that in considering an application for leave to proceed in the trial court with a motion for post-conviction relief, this court, has two options in its discretion. First, this Court may rule on the motion for post-conviction relief, granting or denying any or all relief requested if sufficient facts exist on the face of the application and attachments. Alternatively, this Court may permit the motion to be filed in the trial court for further proceedings under sections 99-39-13 through 99-39-23.

*Hymes v. State*, 703 So.2d 258, 260 (Miss. 1997).

¶5. The specified statutes include

> § 99-39-13 which provides for the filing of an answer with the trial court; § 99-39-15 which gives the individual an opportunity to conduct further discovery; § 99-39-17 which provides for an expansion of the record with documents and interrogatory responses and affidavits before the court considers the matter for summary judgment; and § 99-39-19, allowing for an evidentiary hearing or summary judgment after answers are filed and discovery is complete.

*Hymes v. State*, 703 So.2d at 260.

¶6. Thus, "under the express terms of § 99-39-27, once this Court allows an applicant to proceed with a motion in the trial court, subsequent actions taken by the trial court must be pursuant to one of the enumerated sections (99-39-13 through 99-39-23)." *Hymes*, 703 So.2d at 260. The prescribed procedure was not followed in the instant case.

¶7. In the case at bar, the trial court summarily dismissed Mitchell's motion pursuant to § 99-39-11.[1] This provision is not applicable to this proceeding. By statute, the Circuit Court of Coahoma County is bound to grant Mitchell an opportunity to file an answer and to further develop discovery. After these procedures have been executed, the Coahoma County Circuit Court must grant either an evidentiary hearing or summary judgment. The circuit court's denial of these procedural rights was in error.

## CONCLUSION

¶8. The circuit court erred in summarily denying Mitchell's motion for post-conviction review. For the reasons presented, the order of the Circuit Court of Coahoma County is vacated and this case is remanded for action pursuant to Miss. Code Ann. § 99-39-27(7)(b).

¶9. **VACATED AND REMANDED**.

    **PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, COBB, DIAZ AND CARLSON, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

1. Section 99-39-11 provides in pertinent part: (2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal... (4)This section shall not be applicable where an application for leave to proceed is granted by the supreme court under section 99-39-27.