926 So.2d 242 (2005)
Sammie Lee EPPS, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01526-COA.
Court of Appeals of Mississippi.
December 6, 2005.
Rehearing Denied April 18, 2006.
*243 Sammie Lee Epps, Jr., Appellant, pro se.
Office of the Attorney General by Charles W. Maris, John R. Henry Jim Hood, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. On April 15, 2003, Sammie Lee Epps, Jr. pled guilty to the crime of possession with intent to sell cocaine. The *244 Honorable C.E. Morgan, III, sentenced Epps:
To serve a term of seventeen years with the Mississippi Department of Corrections. After the defendant has served a period of twelve years, the Mississippi Department of Corrections is hereby ordered to place him in a program of post-release supervision pursuant to section 47-7-34 of the Mississippi Code of 1972 for a period of five years, provided the defendant has abided by all the rules and regulations of the Mississippi Department of Corrections during his period of incarceration.
¶ 2. On May 14, 2004, Epps, pro se, filed a motion for post-conviction relief. The motion was denied without an evidentiary hearing. On appeal, Epps argues that: (1) he was denied effective assistance of counsel, (2) his guilty plea was involuntary, (3) he was denied due process because he was not informed of his right to appeal his sentence, (4) his sentence was illegal, and (5) he is entitled to an evidentiary hearing in regards to the factual issues presented in the motion for post-conviction relief. We find no error and affirm.

STANDARD OF REVIEW
¶ 3. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct. App.2002).

ANALYSIS

I. Jurisdiction
¶ 4. We first consider the threshold issue of jurisdiction. The State claims that Epps failed to appeal in a timely manner.
¶ 5. This Court has held that the prison mailbox rule extends to all actions under the Uniform Post Conviction Collateral Relief Act ("UPCCRA") and appeals in those actions. Gaston v. State, 817 So.2d 613, 616 (Miss.Ct.App.2002). A pro se prisoner's motion for post-conviction relief is delivered for filing, under the UPCCRA and the Mississippi Rules of Civil Procedure, when the prisoner delivers the papers to prison authorities for mailing. Id. at 615. The State claims that Epps filed his appeal on July 29, 2004, thirty-one days after the trial court entered the order denying relief.
¶ 6. Epps' brief did not address the timeliness of his appeal. To him, it was apparently not an issue. Epps is incarcerated at the Winston County Correctional Facility. His notice of appeal was received by the Supreme Court Clerk on July 29, 2004. With the Clerk receiving the notice on the thirty-first day after the order was entered, we believe it reasonable to infer that Epps deposited his notice of appeal in the mail, at the Winston County Correctional Facility, at least the day before it was received by the Clerk. Thus, the appeal was timely served and is properly before this Court.

II. Ineffective Assistance of Counsel
¶ 7. Epps next claims ineffective assistance of counsel. The standard applied to claims of ineffective assistance of counsel was first articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Epps must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense. Id. at 687, 104 S.Ct. 2052. The burden of proof rests with Epps, and we will measure the alleged deficiency within the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995); Carney v. State, 525 So.2d *245 776, 780 (Miss.1988). However, a presumption exists that the attorney's conduct was adequate. Burns v. State, 813 So.2d 668, 673 (¶ 14) (Miss.2001); Stringer v. State, 454 So.2d 468, 477 (Miss.1984).
¶ 8. Epps argues first that his counsel had a duty to pursue a violation of the 270 day rule and that his counsel expressly told him that no such violation existed. Epps' guilty plea waived his right to a speedy trial and is not a basis for relief on a motion for post-conviction relief. Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991). During his plea hearing, Judge Morgan asked Epps if he understood that he had a right to a public and speedy trial by jury. Judge Morgan also clearly asked if he understood that his guilty plea would waive these rights. Epps answered affirmatively. There is no merit to this issue.
¶ 9. Epps argues next that he was persuaded to plead guilty by his counsel's "predicament" that he could be sentenced to 120 years if convicted at trial. Indeed, this was Epps predicament and not his counsel's predicament. His counsel was obligated to advise Epps of the potential consequences of trial and conviction. Indeed, if he was convicted at trial on both counts charged in the indictment, including the sentence enhancement, Epps faced a potential maximum sentence of 120 years imprisonment. Epps also admitted that his counsel informed him of the constitutional rights he would waive, what the prosecution was required to prove, the possible defenses available to him, and he stated that he was satisfied with his counsel's representation.
¶ 10. For these reasons, we find no merit to Epps' claim of ineffective assistance of counsel.

III. Voluntariness of Guilty Plea
¶ 11. Epps claims that his guilty plea was involuntary and was entered after being ill advised by his counsel. A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). A plea is viewed as voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). A defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self incrimination. Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
¶ 12. As discussed above, Epps was afforded effective assistance of counsel. The record is void of any plea agreement, but it does indicate that Epps was thoroughly questioned about his decision to plead guilty. Judge Morgan was very clear in his explanation that he did not have to follow the prosecutor's recommendation, and that he was free to sentence Epps to a term of thirty years if he choose to do so. Epps answered Judge Morgan's question that it was his own decision to plead guilty. Epps' responses also indicated that his plea was neither the result of coercion nor any physical violence, nor had he been promised anything, nor given anything of value in order to persuade him to plead guilty.
¶ 13. We find that Epps was fully advised of his rights and acknowledged that he intended to waive these rights. Therefore, we conclude that Epps voluntarily and intelligently plead guilty. We find no merit to this issue.

IV. Denial of Due ProcessFailure to Inform of Appeal Process
¶ 14. Epps contends that he should have been advised by Judge Morgan *246 that he had the right to appeal his sentence. Epps correctly states that the trial court is required to make the defendant aware of any constitutional rights which a guilty plea tends to waive. Here, Judge Morgan advised Epps that if he was convicted he would have a right to appeal to the Mississippi Supreme Court. He asked if he understood that he would waive this right by pleading guilty. Epps affirmatively indicated that he understood these rights. Accordingly, this issue is without merit.

V. Illegal Sentence
¶ 15. Epps asserts that the sentence imposed was illegal. Epps was sentenced to a term of seventeen years with the Mississippi Department of Corrections, with instructions that he was to be incarcerated for twelve years and in a program of post-release supervision for a term of five years. Epps contends that under Mississippi Code Annotated Section 47-7-33 (Rev.2002), as a prior convicted felon, he is not eligible for a suspended sentence. Epps correctly interprets the provisions of Section 47-7-33. As a prior convicted felon, Epps would not be eligible for a suspended sentence. Indeed, he was not given a sentence with any portion suspended.
¶ 16. It is perfectly within the sentencing judges province to sentence the defendant to a term of imprisonment followed by a term of post-release supervision, so long as the sum of the two do not exceed the maximum sentence authorized to be imposed by statute for the felony committed. Miss.Code Ann. § 47-7-34 (Rev.2002). We find no merit to this issue.

VI. Evidentiary Hearing.
¶ 17. Finally, Epps argues that he is entitled to an evidentiary hearing. He is not entitled to an evidentiary hearing. Section 99-39-11(2) provides that if "it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." There is no merit to this issue. Judge Morgan was correct to dismiss the motion without an evidentiary hearing.
¶ 18. Finding no error, we affirm the judgment of the Circuit Court of Montgomery County that denied Epps' motion for post-conviction relief.
¶ 19. THE JUDGMENT OF THE MONTGOMERY COUNTY CIRCUIT COURT DISMISSING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.