963 So.2d 1225 (2007)
Lajuane PORTER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01795-COA.
Court of Appeals of Mississippi.
May 8, 2007.
Rehearing Denied September 4, 2007.
*1227 Lajuane Porter, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. Lajuane Porter appeals the Marshall County Circuit Court's denial of his petition for post-conviction relief. Porter's issue on appeal is whether the trial court erred in denying his post conviction ineffective assistance of counsel claim without granting an evidentiary hearing. While finding the trial court followed the incorrect procedure in denying Porter's claim without an evidentiary hearing, we find this error to be harmless. We affirm the trial court's decision.

FACTS
¶ 2. On August 21, 2002, Lajuane Porter was convicted of aggravated assault by a jury in Marshall County, Mississippi. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections. Porter filed a direct appeal and on January 6, 2004, this Court affirmed his conviction. See Porter v. State, 869 So.2d 414 (Miss.Ct.App.2004). Porter sought relief through the supreme court by submitting an Application for Leave to File Motion for Post Conviction Collateral Relief. The court granted Porter leave to file his post-conviction relief motion on the sole issue of ineffective assistance of counsel but denied his claim of an excessive sentence, finding this issue to be without merit. Porter subsequently filed his post-conviction relief motion with the circuit court. On August 5, 2005, the trial court denied the petition without a hearing. Porter timely appeals that decision.

STANDARD OF REVIEW
¶ 3. This Court reviews denials of post-conviction relief motions under a clearly erroneous standard. Mosley v. State, 941 So.2d 877, 878(¶ 5) (Miss.Ct.App. 2006). The trial court's factual findings will not be disturbed unless they are proven to be clearly erroneous. Rankins v. State, 839 So.2d 581, 582(¶ 3) (Miss.Ct.App. 2003). However, we examine questions of law de novo. Graves v. State, 918 So.2d 791, 792(¶ 3) (Miss.Ct.App.2005).

ANALYSIS
I. Whether the trial court erred in denying Porter's post conviction ineffective assistance of counsel motion without granting an evidentiary hearing.
¶ 4. Porter challenges the trial court's summary denial of his post-conviction relief motion. He asserts that the supreme court's decision, granting him leave to file his post-conviction motion in the trial court, automatically entitled him to an evidentiary hearing. Although the trial court followed the incorrect procedure in denying Porter's motion without granting an evidentiary hearing, we find the error to be harmless.
¶ 5. On January 6, 2005, this Court affirmed Porter's conviction of aggravated assault. Porter, pursuant to Mississippi *1228 Code Annotated Section 99-39-7 (Supp. 2006), filed an application with the supreme court for leave to seek postconviction relief. The supreme court reviews applications for leave pursuant to Mississippi Code Annotated Section 99-39-27(Supp.2006). Under this section, the court may exercise two options when reviewing the petitioner's application. Mitchell v. State, 809 So.2d 672, 673(¶ 4) (Miss.2002). First, the court may rule on the motion, granting or denying the requested relief, if it plainly appears "from the face of the application, motion, exhibits and the prior record" that the claim survives a procedural bar under Section 99-39-21 and there is a substantial showing that the petitioner has been denied a state or federal right. Id. Second, the court may grant the petitioner's application to proceed in the trial court for "further proceedings under Sections 99-39-13 through 99-39-23." Miss.Code Ann. § 99-39-27(7)(b).
¶ 6. In this case, the supreme court did not rule on the merits of Porter's issue of ineffective assistance of counsel, but granted Porter permission to file his motion in the trial court for further proceedings under Sections 99-39-13 (Supp.2006) through 99-39-23(Supp.2006).[1] The court rejected Porter's claim of excessive sentence and stated that the claim would not be able to survive because it lacked merit.
¶ 7. Porter argues that once the supreme court granted his request for leave to proceed in the trial court under Section 99-39-27(7)(b), he was automatically entitled to an evidentiary hearing on the merits of his ineffective assistance of counsel, due to the supreme court's holding in Hymes, 703 So.2d at 260-61 (¶¶ 10-16).
¶ 8. In Hymes, the court adopted the petitioner's argument that the supreme court's grant of an application for leave to proceed in the trial court, under Section 99-39-27(b), creates a prima facie case of the petitioner's claim. Id. at 261(¶ 14).
¶ 9. Section 99-39-27(7)(b), however, does not require the court to conduct an automatic evidentiary hearing on the merits of the claim. In fact, this Court has consistently held that there is no automatic right to an evidentiary hearing under the Mississippi Uniform Post-Conviction Collateral Relief Act. Hardiman v. State, 904 So.2d 1225, 1228(¶ 7) (Miss.Ct.App.2005). Once a prima facie case is established, the trial court may still proceed under Section 99-39-19 (Supp.2006) and summarily deny a petitioner's motion if, after the answer has been filed and discovery completed, it appears that no evidentiary hearing is warranted. See Miss.Code Ann. § 99-39-19.
¶ 10. Porter filed his motion in the circuit court, after the supreme court's grant of leave to proceed. Because the supreme court's permission to proceed with this matter is a finding of a prima facie case, the trial court should have requested the State to respond, and file its answer and raise all affirmative defenses, pursuant to Section 99-39-13. After doing so, the trial court should have examined the motion *1229 under Section 99-39-19, along with the filed answer and any completed discovery, to determine if an evidentiary hearing should be required. The trial court did not do this, but choose rather to summarily deny Porter's motion under Section 99-39-11 (Supp.2006).
¶ 11. Section 99-39-11 reads in part, as follows:
(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
(4) This section shall not be applicable where an application for leave to proceed is granted by the Supreme Court under Section 99-39-27.
¶ 12. The trial court erred in using Section 99-39-11 to summarily deny Porter's motion because the section is not applicable to this proceeding. Mitchell v. State, 809 So.2d 672, 674(¶ 7) (Miss.2002). A court may not use Section 99-39-11 to summarily deny a motion if the supreme court has granted permission to file the motion in the trial courts, pursuant to Section 99-39-27. Hymes, 703 So.2d at 260(¶ 8).
¶ 13. In the absence of a response by the State, or the results of any discovery conducted by Porter, the only evidence in the record supporting his claim is the motion which Porter filed for relief with the supreme court. This Court is therefore limited to this evidence in considering the merits of Porter's ineffective assistance of counsel claim and in determining whether Porter should have been granted an evidentiary hearing.
II. Ineffective Assistance of Counsel
¶ 14. In order to obtain an evidentiary hearing on the basis of ineffective assistance of counsel, the petitioner must state a prima facie claim in his petition. Robertson v. State, 669 So.2d 11, 13 (Miss. 1996). The petitioner's motion must allege with specificity and detail that (1) counsel's performance was defective and (2) the petitioner's defense was prejudiced by such deficient performance. Strickland v. Washington, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); McMillian v. State, 774 So.2d 454, 457(¶ 8) (Miss. Ct.App.2000).
¶ 15. There is a rebuttable presumption that counsel's representation is competent and that the acts in question fall within the "wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S.Ct. 2052, Johns v. State, 926 So.2d 188, 194(¶ 30) (Miss.2006). Petitioners are charged with showing that, but for their counsel's deficient performance, the trial's outcome would have been different. Strickland, 466 U.S. at 691-96, 104 S.Ct. 2052. Petitioners carry the burden of proof and this Court will weigh the counsel's deficiencies under a totality of the circumstances standard. Epps v. State, 926 So.2d 242, 244(¶ 7) (Miss.Ct.App.2005).
a. Failure to conduct an adequate pre-trial investigation
¶ 16. Porter alleges his attorney failed to properly a perform pre-trial investigation to determine which witnesses would aid in Porter's defense. He claims there were witnesses that could have proved his innocence but they were never called. He indicates that if his attorney had investigated the facts of the case, his attorney could have developed a defense to refute the factual scenario presented by the State. He asserts that his attorney never talked with the officers who were responsible for collecting evidence. Finally, *1230 Porter claims his attorney failed to present an adequate defense in that he did not investigate the background of the victim, Kirby Cummings, in order to establish that the Cummings was prone to violence.
¶ 17. The Court finds that Porter is unable to satisfy the two-prong test required by Strickland. Porter does not provide any information regarding the witnesses he claims could have aided in his defense, but were not called by counsel. In fact, the record reveals that the defense attorney did attempt to interview a possible rebuttal witness. Out of the presence of the jury, the defense attorney made the following statements.
Defense Attorney: I may have one more witness that I'm trying to get ahold of on something I found out maybe as a rebuttal witness, and I would request that we could take an early lunch 
Court: Okay.
Defense Attorney:  and maybe work on our jury instructions or whatever. We could make use of the time, but it would help me if I could have that twenty-four minutes to try to do that.
Court: All right.
State: We have  we don't know  we don't have the name of this additional witness. If you'll give it to us, we'll see if we can help you round them up.
Defense Attorney: Uh-huh. I got people working on it.
State: Who is it? I'd like to know. It hadn't been discovered so I'd like to know.
Defense Attorney: Well, I want to talk to him before I  that's right. I mean just like the rebuttal witness you told me this morning you would call, I want to talk to him on something that they found out.
Court: All right.
(After court recessed for lunch and out of presence of jury)
Defense Attorney: What I wanted to do, I do have them looking for, you know, this person. I'd like to interview them briefly. Otherwise, I'm going to rest. I don't have any  anything else, and I've given my [jury] instructions to [the State].
¶ 18. Considering the attorney's overall performance, the decisions that fall within the realm of trial strategy "cannot give rise to an ineffective assistance of counsel claim." Jackson v. State, 815 So.2d 1196, 1200(¶ 8) (Miss.2002). These decisions include the counsel's choice of "whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections" during trial. Cole v. State, 666 So.2d 767, 777 (Miss.1995). Attorneys' decisions to not call certain witnesses may be excused based on a belief that the information would not be helpful and the belief must be based on "a genuine effort to locate or evaluate the witness, and not on a mistaken legal notion or plain inaction." Davis v. State, 743 So.2d 326, 339(¶ 22) (Miss.1999).
¶ 19. Porter's attorney made efforts to contact the possible witness but was unsuccessful. There is no information in the record regarding the identification of this possible witness or what would be the nature of the witness's testimony. Thus, Porter fails to demonstrate how this possible witness would have aided his defense. Even if this Court finds Porter has successfully fulfilled the first prong of Strickland, he fails to prove the second prong  that his defense was prejudiced by his attorney's performance.
¶ 20. Both Porter and his wife testified in his defense. Porter testified that, although *1231 he knew Cummings through school, Cummings and he had never been friends. He said the victim had a history of "picking" on him and had made threats to him on several occasions. Porter's wife, Teresa Porter, also testified that her husband informed her of the alleged problems he had with Cummings. Kendrick Rankin, the State's witness, also testified he knew that Cummings and Porter did not like each other. However, during cross-examination, Rankin revealed that he had no personal knowledge that Cummings disliked Porter.
¶ 21. Porter does not suggest any information that would have been discovered through examination of the potential witness that was not previously addressed in the trial. Porter's defense attorney took advantage of the opportunity to cross-examine all available witnesses in the trial. We do not find Porter has demonstrated that his defense was prejudiced by his attorney's alleged deficiencies.
¶ 22. Porter also claims that his attorney failed to investigate the facts of the case, talk to the police, or establish that Cummings had a violent nature. It is noted that effective assistance of counsel requires adequate investigation of the case. Hodges v. State, 912 So.2d 730, 762(¶ 62) (Miss.2005). However, Porter once again fails to assert how his defense was prejudiced by these alleged deficiencies. Porter shot Cummings in the presence of bystanders and Cummings was found to be unarmed. The State presented the uncontradicted testimonies of the eyewitnesses to the shooting. Porter was allowed to testify about Cummings' violent nature. The police officer who collected evidence, Mike Novay, testified during the trial and Porter was allowed to cross-examine him on the stand. Porter fails to prove his counsel was ineffective as to these issues.
b. Failure to provide sufficient defense by "opening door" to introduction of prior criminal act and failure to make contemporaneous objection to the introduction of that evidence
¶ 23. Porter argues that his counsel failed to provide a sufficient defense by allowing the State to bring his prior misdemeanor simple assault charge before the jury. He also argues that his attorney should have made a contemporaneous objection to the evidence's introduction in order to preserve the issue on appeal. Porter satisfies the first prong of Strickland. This Court has previously concluded that during the cross-examination of Officer Novay, the defense attorney "opened the door" for the State's questions regarding the prior criminal charge. Porter, 869 So.2d at 418(¶ 13). We further noted that the defense attorney's failure to make a contemporaneous objection to the questions regarding the misdemeanor assault resulted in a waiver of the issue of appeal. Id. at 419(¶ 13).
¶ 24. Although Porter is entitled to effective assistance of counsel, he is not entitled to an errorless counsel. Hall v. State, 735 So.2d 1124, 1127(¶ 6) (Miss.Ct.App. 1999). Even though Porter may prove his counsel's performance was deficient, he must show there is a reasonable probability that, but for his attorney's error, the trial would have resulted in a different outcome. Id. at (¶ 7). The State provided the testimonies of the victim  Kirby Cummings, two eyewitnesses  Kendrick Rankin and Eric Webster, and the investigating officer  Mike Novay. The testimonies reveal Porter shot an unarmed victim several times and left the scene of the crime. None of the witnesses was able to testify *1232 from personal knowledge that Cummings had threatened Porter. Witnesses did, however, testify that Porter had previously expressed dislike for Cummings. Porter fails to show that, had the State not introduced his assault charge and his counsel failed to make a contemporaneous objection, the results would have been different. Porter has not proved ineffective assistance of counsel as relating to the above assertions.
¶ 25. We conclude that while the trial court erred in failing to follow the proper procedures to determine whether the need for an evidentiary hearing existed, this error must be considered harmless in light of the specific facts of this case. Porter's ineffective assistance of counsel claim did not merit an evidentiary hearing. This Court affirms the denial of post-conviction relief.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
NOTES
[1] These enumerated sections include, in pertinent part, § 99-39-13 which governs the State's filing of an answer with the trial court and requires that the State respond to all allegations and raise all affirmative defenses as deemed necessary; § 99-39-13 which allows parties to conduct further discovery; § 99-39-17 which governs the expansion of the record before the court considers summary judgment; and § 99-39-19 which provides for an evidentiary hearing or summary judgment after the answers have been filed and discovery is completed. Hymes v. State, 703 So.2d 258, 260(¶ 6) (Miss.1997).