KING, C.J.,
 

 for the Court:
 

 ¶ 1. Terry Lee Lattimore filed a motion for post-conviction relief in the Circuit Court of Washington County, which the trial court denied. Aggrieved, Lattimore appeals, raising three issues:
 

 
 *680
 
 I. Whether the trial court erred by denying his motion for post-conviction relief in violation of Mississippi Code Annotated section 99-39-27 (Supp.2009);
 

 II. Whether the trial court erred by denying his motion for post-conviction relief in violation of Mississippi Code Annotated section 99-39-15 (Rev.2007); and
 

 III. Whether the trial court erred by denying him an evidentiary hearing on his claim of ineffective assistance of counsel.
 

 We find no error and affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶2. In September 2000, Lattimore and Gregory Brown were indicted as habitual offenders for killing James Dycus in the course of a robbery. Lattimore and Brown were tried separately. On August 16, 2002, Lattimore was convicted in the Circuit Court of Washington County of capital murder and sentenced to life in prison in the custody of the Mississippi Department of Corrections. Thereafter, Lattimore filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the trial court denied.
 

 ¶ 3. Aggrieved, Lattimore appealed his conviction and sentence to the supreme court, raising nine issues for the supreme court’s consideration:
 
 [1]
 

 (1) whether the trial court erred by denying his motion to suppress evidence of the pretrial identification where his lawyer was not present at the pretrial lineup;
 

 (2) whether the trial court erred by allowing an in-court identification of Latti-more where the pretrial lineup was illegal;
 

 (3) whether Lattimore received ineffective assistance of counsel where his trial counsel (a) represented Lattimore and Brown at the stage of the pretrial lineup, (b) failed to investigate Lattimore’s case and interview key witnesses, (e) failed to move for a new trial upon learning of possible juror misconduct, and (d) failed to move for a mistrial after Virgie Dycus’s
 
 [2]
 
 in-court identification and after the State’s closing argument.
 

 (4) whether the trial court erred by overruling Lattimore’s objection to the State introducing a metal pipe as the purported murder weapon;
 

 (5) whether there was juror misconduct in violation of sequestration where a juror allegedly used a cell phone and discussed the merits of Lattimore’s case with her boyfriend;
 

 (6) whether there was prosecutorial misconduct during closing argument;
 

 (7) whether the trial court erred by refusing to grant Lattimore’s motion for a mistrial;
 

 (8) whether the jury’s verdict is against the overwhelming weight of the evidence; and
 

 (9) whether there was cumulative error.
 

 Finding no reversible error, the supreme court affirmed Lattimore’s conviction and sentence.
 
 Lattimore,
 
 958 So.2d at 205 (¶ 47).
 

 ¶ 4. On October 3, 2007, Lattimore filed an application for leave to proceed in the trial court with a motion for post-conviction relief on the following grounds:
 

 
 *681
 
 (1) ineffective assistance of counsel on direct appeal;
 

 (2) ineffective assistance of counsel during pretrial, trial, and post-trial proceedings;
 

 (8) denial of the right to counsel during the pretrial lineup identification;
 

 (4) denial of the right to a trial by an impartial jury;
 
 [3]
 
 and
 

 (5) denial of the right to be free from an unreasonable search and seizure.
 

 On October 23, 2007, the supreme court granted Lattimore leave to file a motion for post-conviction relief in the Circuit Court of Washington County. Lattimore subsequently filed his motion for post-conviction relief with the trial court.
 

 ¶ 5. The trial court found that the following issues were procedurally barred from review because they were raised on direct appeal and determined to be without merit: ineffective assistance of trial counsel, the denial of the right to counsel during the pretrial lineup, and the introduction of the metal pipe into evidence. Lattimore also argued that his appellate counsel was ineffective by not advancing his trial counsel’s failure to investigate the relationship between Arthur Dickinson, a juror, and Brown.
 
 [4]
 
 Lattimore contends that Dickinson’s presence on the jury denied him the right to a fair trial. The trial court found that this issue was without merit and was procedurally barred from review because Lattimore failed to raise it before the trial court and in his post-trial motions. In regard to Lattimore’s claim of an illegal search and seizure, the trial court found the issue was procedurally barred from review. Despite this procedural bar, the trial court found that the alleged search and seizure of Lattimore’s vehicle was a lawful inventory of an impounded vehicle.
 
 [5]
 
 Based on the foregoing, the trial court denied Lattimore’s motion for post-conviction relief.
 

 ¶ 6. Aggrieved, Lattimore timely filed the instant appeal with this Court.
 

 ANALYSIS
 

 ¶ 7. This Court will not disturb the trial court’s denial of a motion for post-conviction relief absent a finding that the trial court’s decision was clearly erroneous.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999). However, issues of law are reviewed de novo.
 
 Id.
 

 I. Denial of Motion for Post-Conviction Relief
 

 ¶ 8. In his first two assignments of error, Lattimore claims that the trial court erred by denying his motion for post-conviction relief in violation of Mississippi Code Annotated section 99-39-27
 
 [6]
 
 and section 99-39-15.
 
 [7]
 
 Specifically, Lattimore argues that the trial court erred by deny
 
 *682
 
 ing his motion for post-conviction relief without requiring the State to file an answer, without an evidentiary hearing, and without having an opportunity to conduct discovery. Lattimore contends that he was entitled to the foregoing because the supreme court granted his motion for leave to file.
 

 ¶ 9. The law is clear that “there is no automatic right to an evidentiary hearing under the Mississippi Uniform Post-Conviction Collateral Relief Act.”
 
 Porter v. State,
 
 963 So.2d 1225, 1228 (¶ 9) (Miss.Ct. App.2007) (citing
 
 Hardiman v. State,
 
 904 So.2d 1225, 1228 (¶7) (Miss.Ct.App.2005)). Mississippi Code Annotated section 99-39-19 (Rev.2007) provides that:
 

 If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evi-dentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require.
 

 Miss.Code Ann. § 99-39-19;
 
 see also Porter,
 
 963 So.2d at 1228 (¶ 9).
 

 ¶ 10. Contrary to Lattimore’s assertion, the State did file an answer to the motion for post-conviction relief. In addition, the trial court granted Lattimore’s motion to conduct discovery. It is clear from the record that the trial court considered Lat-timore’s motion on the merits and found that an evidentiary hearing was not necessary. Based on the foregoing, we find that the trial court did not err by denying Lattimore’s motion for post-conviction relief without an evidentiary hearing.
 

 II. Ineffective Assistance of Counsel
 

 ¶ 11. Lattimore raises several assignments of error regarding alleged ineffective assistance of counsel during trial and on direct appeal. There is a strong but rebuttable presumption that counsel was competent and performed within the wide range of reasonable conduct expected from counsel.
 
 Hoyt v. State,
 
 952 So.2d 1016, 1021 (¶ 14) (Miss.Ct.App.2007) (citing
 
 Edwards v. State,
 
 615 So.2d 590, 596 (Miss.1993)). To show ineffective assistance of counsel, the petitioner must establish that: (1) counsel’s performance was deficient, and (2) this deficiency prejudiced the defense.
 
 Id.
 
 (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
 

 ¶ 12. Lattimore has previously raised some of the same claims of ineffective assistance of counsel on direct appeal, and some of his claims were raised for the first time in his motion for post-conviction relief. Mississippi Code Annotated section 99-39-3(2) (Rev.2007) provides that:
 

 Direct appeal shall be the principal means of reviewing all criminal convictions and sentences, and the purpose of the [Mississippi Uniform Post-Conviction Collateral Relief Act] is to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal.
 

 See also Foster v. State,
 
 687 So.2d 1124, 1129 (Miss.1996) (finding that “[p]ost-con-viction proceedings are for the purpose of bringing the trial court’s attention to facts not known at the time of the judgment”) (citing
 
 Smith v. State,
 
 477 So.2d 191, 195 (Miss.1985)).
 

 ¶ 13. The petitioner must show cause for not having raised an assignment of error at trial or on direct appeal and demonstrate that the issue caused actual prejudice to his case.
 
 Crawford v. State,
 
 867 So.2d 196, 202 (¶7) (Miss.2003). To
 
 *683
 
 overcome the procedural bar of res judica-ta, the petitioner must show that: (1) “his claim is so novel that it has not previously been litigated”; (2) “an appellate court has suddenly reversed itself on an issue previously thought settled”; or (3) “he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.”
 
 Id.
 
 (citations omitted).
 

 A.Pretrial Identification
 

 ¶ 14. Lattimore argues that his appellate counsel was ineffective because he failed to properly present Lattimore’s argument on direct appeal regarding the admission of his pretrial identification.
 

 ¶ 15. The record shows that Latti-more’s trial counsel objected to the -introduction of evidence concerning Lattimore’s pretrial identification, and the trial court overruled the objection. As previously mentioned, Lattimore’s appellate counsel raised this issue on direct appeal. The supreme court found that the issue amounted to harmless error.
 
 Lattimore,
 
 958 So.2d at 197-98 (¶¶ 10-14).
 

 ¶ 16. Now, Lattimore attempts to rephrase this argument under the guise of a claim of ineffective assistance of counsel. The supreme court has held that “other issues which were either presented through direct appeal or could have been presented on direct appeal or at trial are procedurally barred and cannot be reliti-gated under the guise of poor representation of counsel.”
 
 Foster,
 
 687 So.2d at 1129. Because this issue was raised on direct appeal and decided by the supreme court, it is procedurally barred from this Court’s review.
 

 B.Fair and Impartial Jury
 

 ¶ 17. Lattimore argues that his appellate counsel failed to note his trial counsel’s failure to investigate and challenge Dickinson’s inclusion on the jury. Lattimore claims that Dickinson did not respond truthfully to a question asked during voir dire because Dickinson did not tell the trial court that he was dating Brown’s cousin.
 

 ¶ 18. However, there is nothing in the record confirming that Dickinson actually served on the jury. Also, the record shows that Dickinson was only questioned regarding his relationship to Lattimore. Dickinson told the trial court that he knew Lattimore; they were co-workers; and they were close friends. Dickinson also §tated that he could be fair and impartial in his service on the jury. The decision to challenge a particular juror is a part of trial strategy, which does not necessarily constitute ineffective assistance of counsel.
 
 Bennett v. State,
 
 933 So.2d 930, 943 (¶ 36) (Miss.2006) (citing
 
 Cole v. State,
 
 666 So.2d 767, 777 (Miss.1995)). Lattimore has failed to show how Dickinson’s alleged presence on the jury prejudiced his case. Based on the foregoing, we find that this issue is without merit.
 

 C.Illegal Search and Seizure
 

 ¶ 19. Next, Lattimore argues that his appellate counsel failed to cite his trial counsel’s error in not litigating his claim of an illegal search and seizure of his vehicle.
 

 ¶20. Mississippi Code Annotated section 99-39-21(1) (Rev.2007) provides, in pertinent part, that:
 

 Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal ... shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
 

 
 *684
 
 Lattimore failed to raise a claim of illegal search and seizure during the trial, and he failed to raise this claim on direct appeal. Now, Lattimore attempts to argue this claim under the guise of ineffective assistance of counsel. However, this issue is procedurally barred from review.
 
 See Foster,
 
 687 So.2d at 1129.
 

 ¶ 21. Procedural bar notwithstanding, the trial court found that Latti-more’s vehicle was lawfully searched and seized. The law is clear that “it is permissible for officers to conduct an inventory search of [a] vehicle when the circumstances require it to be impounded.... ”
 
 Logan v. State,
 
 987 So.2d 1027, 1031 (¶ 14) (Miss.Ct.App.2008) (quoting
 
 Black v. State,
 
 418 So.2d 819, 821 (Miss.1982)). Hence, Lattimore’s argument is without merit.
 

 D. Admission of the Metal Pipe into Evidence
 

 ¶22. Lattimore argues that his trial counsel and his appellate counsel failed to advance his argument that the trial court erred by admitting the metal pipe into evidence as the purported murder weapon. Lattimore also attempts to relitigate his claim of prosecutorial misconduct in this assignment of error.
 

 ¶ 23. On direct appeal, the supreme court found that there was sufficient evidence linking the metal pipe to the crime where: (1) the State introduced Latti-more’s own statement in which he admitted to being at the scene of the crime; (2) Lattimore claimed that Brown threw the pipe underneath a van; and (3) the police recovered a pipe from underneath a van.
 
 Lattimore,
 
 958 So.2d at 202-03 (¶¶ 33-35). Thus, the supreme court found that the State’s act in introducing the metal pipe as the purported murder weapon was proper.
 
 Id.
 
 The supreme court also found that Lattimore’s claim that his trial counsel was ineffective for failing to object to the prosecutor’s actions — referring to the pipe as if it were the murder weapon, swinging the pipe around, and banging the pipe on the table — was without merit.
 
 Id.
 
 at 202 (¶ 30).
 

 ¶ 24. Because these issues were decided on direct appeal, these issues are procedurally barred from this Court’s review by the doctrine of res judicata.
 
 See
 
 Miss. Code Ann. § 99-39-21(3) (Rev.2007).
 

 ¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.
 

 [1]
 

 .
 
 See Lattimore v. State,
 
 958 So.2d 192 (Miss.2007).
 

 [2]
 

 . Virgie Dycus, James Dycus's wife, witnessed the murder and identified Lattimore and Brown in a lineup.
 
 Lattimore,
 
 958 So.2d at 196 (¶ 5).
 

 [3]
 

 . Lattimore raised a different jury issue on direct appeal than he now raises in his motion for post-conviction relief.
 

 [4]
 

 . The record shows that Lattimore’s appellant counsel had a private investigator inquire into Dickinson's relationship with Brown. The investigation revealed that Dickinson was dating Brown's cousin and that Lattimore was dating Brown's sister.
 

 [5]
 

 . Virgie described the getaway car to the police, and the police found the vehicle abandoned on the side of the road. The vehicle was registered to Lattimore, and the police had the vehicle impounded and inventoried.
 
 Lattimore,
 
 958 So.2d at 196 (¶ 3).
 

 [6]
 

 . Section 99-39-27 prescribes how the prisoner must file his application for leave to proceed in the trial court and how the court shall treat the motion.
 

 [7]
 

 . Section 99-39-15 sets forth the process a party must follow to invoke discovery under the Mississippi Uniform Post-Conviction Collateral Relief Act.