## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2013-CP-02081-COA

**RICKEY STURKEY A/K/A RICHARD STURKEY**          **APPELLANT**
**A/K/A RICKEY LEE STURKEY**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/05/2013 |
| TRIAL JUDGE: | HON. VERNON R. COTTEN |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RICKEY STURKEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: STEPHANIE BRELAND WOOD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 11/25/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ROBERTS AND CARLTON, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.     Rickey Sturkey appeals the Scott County Circuit Court's decision to summarily deny his motion for post-conviction relief (PCR). According to Sturkey, the circuit court erred because it did not conduct an evidentiary hearing on his PCR motion after the Mississippi Supreme Court granted Sturkey leave to proceed with his ineffective-assistance-of-counsel claim. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     Following an introduction by a confidential informant, Sturkey sold four "eight balls

of crack cocaine" to an agent with the Mississippi Bureau of Narcotics (MBN). The MBN agent was wearing a microphone during the transaction. Additional law enforcement officers were nearby in a surveillance van. Sturkey went to trial during October 2003. The MBN agent identified Sturkey as the man who sold him crack cocaine. One of the law enforcement officers in the surveillance van testified that he was familiar with Sturkey's voice. He identified Sturkey's voice while listening to the transmission from the MBN agent's microphone. The prosecution did not elicit any testimony regarding the precise time that the drug transaction occurred on April 18, 2001.

¶3. Sturkey testified in his own defense. Relying on an alibi defense, Sturkey claimed that he had taken his car to a shop for repairs, and he and the mechanic had gone fishing afterward. Sturkey's wife testified that there had been no drug transaction at her and Sturkey's mobile home on the date alleged by the prosecution, because no men had visited their home that date. Ultimately, the jury found Sturkey guilty of selling cocaine. The circuit court found that he qualified for enhanced sentencing as a repeat drug offender and a habitual offender as contemplated by Mississippi Code Annotated section 99-19-81 (Supp. 2014), because he had two prior convictions for selling cocaine. Consequently, the circuit court sentenced Sturkey to sixty years in the custody of the Mississippi Department of Corrections. Represented by a different attorney, Sturkey filed a direct appeal. *Sturkey v. State*, 946 So. 2d 790, 791 (¶1) (Miss. Ct. App. 2006). Sturkey raised three issues on direct appeal. According to Sturkey, the circuit court erred when it: (1) deprived him of his right to be represented by his attorney of choice; (2) sustained the prosecution's hearsay objection regarding a purported statement by the confidential informant, who did not testify at trial; and

2

(3) overruled his trial attorney's objection during the prosecution's closing argument. *Id.* Sturkey's appellate attorney did not claim that Sturkey's trial attorney was ineffective. This Court found no merit to Sturkey's claims on direct appeal. *Id.* at 795 (¶17). The Mississippi Supreme Court denied Sturkey's petition for a writ of certiorari, and the mandate issued on February 1, 2007.

¶4.    The record reflects that Sturkey unsuccessfully sought the supreme court's leave to file a PCR motion at least three times. He filed his first unsuccessful request during September 2008. A different attorney submitted a proposed PCR motion on Sturkey's behalf and claimed: (1) the circuit court deprived Sturkey of his right to be represented by his attorney of choice;[1] and (2) Sturkey's sentence was illegal. Nearly simultaneously, Sturkey filed a pro se proposed PCR motion. Sturkey repeated his claims that he was denied his counsel of choice and that his sentence was illegal. Additionally, he claimed the indictment was defective, and there was insufficient evidence that he was guilty of selling cocaine. Sturkey also argued that his trial attorney was ineffective because she did not object to "the State's failure to produce the confidential informant as a witness." Most significant to the PCR motion that is presently before us, neither of Sturkey's proposed PCR motions included a claim that Sturkey's trial attorney was ineffective because she did not call two potential

---

[1] Sturkey originally retained attorney Kevin Camp to represent him. However, Camp was called to active duty in the United States Army during January 2003. Camp turned over representation of his files to his associate, Jeanine Carafello. On October 15, 2003, which was the date of his trial, Sturkey informed the circuit court that he wanted to discharge Carafello. The circuit court denied Sturkey's request because he did not have any particular complaint with Carafello's representation. We found no merit to Sturkey's claim on direct appeal. *Sturkey*, 946 So. 2d at 792-944 (¶¶5-8).

alibi witnesses. In October 2008, the supreme court denied Sturkey's request for leave to proceed in the circuit court.

¶5. Sturkey filed his second request for leave to file a PCR motion in May 2010. In his prospective PCR motion, Sturkey essentially claimed that his sentence was illegal because the indictment improperly charged him as a habitual offender and a repeat drug offender. The supreme court found that Sturkey's second request for leave was procedurally barred as a successive application. Consequently, the supreme court denied Sturkey's second request.

¶6. In December 2011, Sturkey filed his third request for leave to file a PCR motion in the circuit court. This time, Sturkey repeated his claim that he was improperly indicted as a habitual offender and a repeat drug offender. In February 2012, the supreme court dismissed Sturkey's third request. The supreme court warned Sturkey "that any future frivolous filings may subject [him] to sanctions."

¶7. Three months after the supreme court's warning, Sturkey filed his fourth "motion for leave to proceed in the trial court." For the first time, Sturkey submitted a proposed PCR motion in which he claimed that his trial attorney was ineffective because she did not call two witnesses who would have allegedly provided alibi testimony in Sturkey's defense. Sturkey attached two purported affidavits from the two witnesses. However, he did not attach any affidavits supporting his claim that his trial attorney's performance was deficient because she refused to call the two witnesses. In August 2012, the supreme court granted Sturkey's request to file a PCR motion in the circuit court. However, the supreme court did not instruct Sturkey that he had any particular deadline to file his proposed PCR motion. It appears as though Sturkey filed his PCR motion in the circuit court during January 2013, but

4

for some unknown reason, it escaped the circuit court's attention. From that point forward, the record is exceedingly confusing.

¶8. Sturkey filed a petition for a writ of mandamus on April 2, 2013. Within his petition, Sturkey claimed that he had filed his PCR motion on March 28, 2012. But that date is inconsistent with the fact that the supreme court granted Sturkey's fourth request for leave to file a PCR motion in August 2012. Consequently, Sturkey's PCR motion could not predate the supreme court's order by approximately five months. However, Sturkey also stated that the "Scott County Circuit Clerk just filed and docketed" his PCR motion on January 31, 2013. On April 25, 2013, the supreme court dismissed Sturkey's petition without prejudice because he did not sufficiently demonstrate that he had filed a PCR motion or that the circuit court had taken one under advisement.

¶9. Approximately two weeks later, Sturkey filed a second petition for a writ of mandamus. In his second petition, Sturkey claimed he filed his PCR motion on September 28, 2012. Again, the supreme court dismissed Sturkey's petition without prejudice because he failed to demonstrate that he had filed a PCR motion in the circuit court.

¶10. Sturkey filed his third petition for a writ of mandamus during August 2013. This time, he repeated his first claim that he had filed his PCR motion during March 2012. Sturkey attached a copy of his PCR motion to his third petition, but the attached copy was not stamped as though it had been filed in the circuit court. On October 30, 2013, the supreme court granted Sturkey's petition. The supreme court also ordered the circuit court to "rule on Sturkey's [PCR motion] within thirty days of the entry of this order." The supreme court's order was filed in the circuit court on November 1, 2013.

5

¶11.    Five days later, the circuit court entered an order summarily denying Sturkey's PCR motion without conducting an evidentiary hearing. The circuit court held that Sturkey's PCR motion was time-barred. Additionally, the circuit court held:

> [Sturkey] has failed to prove to this [c]ourt that the information provided in the two affidavits was not "reasonably discoverable" at the time of his trial. To state the obvious, a statement from an alibi witness would most certainly be reasonably discoverable at the time of a trial. Absent some bizarre circumstance, a criminal defendant would unquestionably know whether . . . he was with another person at a location different from the one [that] the prosecution purported him to be. In the present instance, [Sturkey] has provided this [c]ourt with two affidavits which serve as the crux for his claim of ineffective assistance of counsel and his claim of actual innocence. Affiant James Harper claims that [Sturkey] was with him at Harper's automobile repair shop at the time [Sturkey] was . . . selling cocaine to an undercover police agent. Affiant [Bobbie] Parhm asserts that [Sturkey] briefly visited [his] residence on the day [that Sturkey] . . . sold cocaine. Parhm further states that before leaving, [Sturkey] expressed his inent to go fishing with Harper. Parhm's affidavit does nothing but attempt to bolster Harper's affidavit. Regardless, the information contained within the two affidavits was certainly known by [Sturkey] before [his] trial. Also, this [c]ourt notes that before [Sturkey's] trial, a subpoena was issued to . . . Harper.

The circuit court then noted that the three-year statute of limitations applies to PCR claims based on ineffective assistance of counsel.

## STANDARD OF REVIEW

¶12.    In reviewing a circuit court's decision to deny a PCR motion, an appellate court will not disturb the circuit court's factual findings unless they are clearly erroneous. *Rowland v. State*, 42 So. 3d 503, 506 (¶8) (Miss. 2010). We review questions of law de novo. *Id*.

## ANALYSIS

¶13.    Sturkey claims the circuit court erred because it did not grant him an evidentiary hearing. According to Sturkey, because the supreme court had given him leave to file his

6

PCR motion, the circuit court was obligated to conduct an evidentiary hearing regarding his claim that he received ineffective assistance of counsel.

¶14. A circuit court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]" Miss. Code Ann. § 99-39-11(2) (Supp. 2014). However, a circuit court may not summarily dismiss a PCR motion if the supreme court has given the movant leave to proceed. Miss. Code Ann. § 99-39-11(11) (Supp. 2014); *see also Hymes v. State*, 703 So. 2d 258, 260 (¶8) (Miss. 1997). Instead, the circuit court must review the PCR motion under Mississippi Code Annotated sections 99-39-13 through 99-39-23 (Rev. 2007 & Supp. 2014). *Hymes*, 703 So. 2d at 260 (¶8).

¶15. We disagree with Sturkey's position that the supreme court's decision to grant his request for leave to proceed in the circuit court is the equivalent of a guarantee to an evidentiary hearing. Mississippi Code Annotated section 99-39-19(1) (Supp. 2014) provides:

> If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require.

Although the circuit court did not dispose of Sturkey's PCR motion after the State filed an answer and the parties completed discovery, section 99-39-19(1) stands for the principle that a movant is not automatically entitled to an evidentiary hearing simply because the supreme court granted the movant's request for leave to proceed in the circuit court.

¶16. Furthermore, the unique procedural circumstances of Sturkey's case bear discussion. Sturkey filed three petitions for a writ of mandamus in the supreme court. The supreme court

7

dismissed the first two without prejudice, because there was no indication that Sturkey had actually filed his PCR motion in the circuit court. In his third petition for a writ of mandamus, Sturkey requested that the supreme court order the circuit court to "rule on" his PCR motion. Sturkey did not ask the supreme court to order the circuit court to conduct an evidentiary hearing. The supreme court granted Sturkey's motion and his specific request. That is, the supreme court ordered the circuit court to "rule on Sturkey's [PCR motion] within thirty days of the entry of [the supreme court's] order." The supreme court did not order the circuit court to conduct an evidentiary hearing. The circuit court complied with the supreme court's order. Even if we were to find that the circuit court erred because it did not conduct an evidentiary hearing, the circuit court's error would be harmless because there is plainly no merit to Sturkey's underlying claim.

¶17. Essentially, Sturkey claimed that his trial attorney was ineffective because she did not call two witnesses who would have bolstered Sturkey's alibi defense. To support his claim, Sturkey attached two purported affidavits: one from James Harper, and the other from Bobbie Parhm. Harper's affidavit states:

> On April 18, 2001, . . . Sturk[ey] came to my repair shop in his car at 1:50 p.m. to have it repaired. He left for approximately 15 minutes and returned the car at 2:05 p.m. [Sturkey] remained at the shop with me the entire time until I finished repairing his car at 2:55 p.m. We then left my shop and went fishing the length of the day until late that evening. My assistant made out a receipt which I gave [Sturkey] after he paid me in full for his repairs.

Parhm's affidavit says, "Stur[key] came to my house on April 18, 2001, after he dropped his car off at James Harper's repair shop. He stayed a few minutes and left going back to Mr. Harper's shop. He stated when he left that he and Mr. Harper were going fishing." "In cases

8

involving post-conviction collateral relief, 'where a party offers only his affidavit, then his ineffective[-]assistance claim is without merit.'" *Coleman v. State*, 979 So. 2d 731, 735 (¶15) (Miss. Ct. App. 2008) (quoting *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)). Although Sturkey offered two additional affidavits other than his own, neither of those affidavits pertains to Sturkey's precise allegation. That is, neither affidavit indicates that Sturkey's trial attorney's performance was deficient in any way. Similarly, neither affidavit indicates that the affiant was available to testify, but Sturkey's trial attorney neglected to call them.

¶18.    It is unclear exactly why the supreme court granted Sturkey's fourth request for leave to proceed in the circuit court. However, it is plainly apparent that Sturkey could have raised his claim within the three-year statute of limitations set forth in Mississippi Code Annotated section 99-39-5(2) (Supp. 2014).[2] Section 99-39-5(2) provides that a PCR motion "shall be made within three . . . years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi[.]" The supreme court denied Sturkey's petition for a writ of certiorari on January 11, 2007. The mandate issued on February 1, 2007. Sturkey filed his fourth and most recent request for leave to file a PCR motion during May 2012. As the circuit court discussed in its order denying Sturkey's PCR motion, Sturkey knew that Harper and Parhm were potential alibi witnesses well within the three-year statute of

---

[2]    The first ground listed as a justification for seeking PCR under section 99-39-5(1)(a) is "[t]hat the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi." Clearly, a trial attorney's failure to provide minimally effective representation to an accused qualifies as a violation of the accused's rights under the Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

limitations. The supreme court has held that it is permissible to "attach reasonable time limitations to the assertion of federal [and state] constitutional rights." *Cole v. State*, 608 So. 2d 1313, 1319 (Miss. 1992). Sturkey's ineffective-assistance claim in his latest PCR motion was simply untimely.

¶19. Sturkey did not claim that Harper's and Parhm's potential testimonies were newly discovered evidence. To qualify as newly discovered evidence, the evidence must meet the following criteria: (1) the defendant became aware of it following his trial, (2) it could not have been discovered sooner by diligence, and (3) it would probably produce a different result in a new trial. *Parker v. State*, 71 So. 3d 620, 625 (¶15) (Miss. Ct. App. 2011). Sturkey was aware of Harper and Parhm prior to his trial.

¶20. Moreover, the circuit court noted that Sturkey's trial attorney subpoenaed Harper during Sturkey's trial. It is unclear why Harper did not appear to testify in Sturkey's defense. As for Parhm's affidavit, Sturkey's attorney could have chosen not to subpoena Parhm because he did not have much to offer Sturkey's defense. Parhm's purported affidavit is inconsistent with Harper's, and it contradicts Harper's version of events. Harper's affidavit says that Sturkey remained at the shop after he left his car there to be repaired. But Parhm's affidavit says that Sturkey visited him after Sturkey left his car at Harper's shop. Beyond that, Parhm's affidavit merely states that Sturkey said he and Harper were going to go fishing later. In other words, Parhm did not affirmatively add to Sturkey's alibi defense.

¶21. To prove ineffective assistance of counsel, Sturkey was obligated to prove: (1) his counsel's performance was deficient, and (2) the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Considering the attorney's overall performance, the

10

decisions that fall within the realm of trial strategy 'cannot give rise to an ineffective[-]assistance[-]of[-]counsel claim.'" *Porter v. State*, 963 So. 2d 1225, 1230 (¶18) (Miss. Ct. App. 2007) (quoting *Jackson v. State*, 815 So. 2d 1196, 1200 (¶8) (Miss. 2002)). An attorney's decision "to not call certain witnesses may be excused based on a belief that the information would not be helpful[.]" *Id*. And as for Harper, Sturkey's trial attorney had subpoenaed him. Apparently, Harper did not appear as summoned, or Sturkey's trial attorney evaluated Harper's proposed testimony and decided that it would not be helpful to Sturkey's case. Sturkey's trial attorney made "a genuine effort to locate or evaluate [Harper.]" *Id*. That Harper did not testify at Sturkey's trial was not necessarily any indication that Sturkey's trial attorney rendered ineffective assistance of counsel. *See id*.

¶22. In *Porter*, this Court held that a circuit court erred when it summarily dismissed a PCR motion after the supreme court granted Porter's request for leave to file it in the circuit court. *Id*. at 1227 (¶4). However, we found that the circuit court's error was ultimately harmless. *Id*. Similarly, we find that any error that resulted from the circuit court's decision to forgo an evidentiary hearing was harmless. Sturkey's PCR motion was untimely. "[M]erely raising a claim of ineffective assistance of counsel is [in]sufficient to surmount the procedural bar." *Barnes v. State*, 949 So. 2d 879, 881 (¶7) (Miss. Ct. App. 2007). The three-year statute of limitations applies to claims that a movant received ineffective assistance of counsel. *Id*. (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000)). Nothing prevented Sturkey from raising his claim in a timely manner. Additionally, nothing prevented Sturkey from raising his claim in one of his three previous requests for leave to file a PCR motion. Because Sturkey neglected to do either, the circuit court did not err when it complied with

11

the supreme court's order to rule on Sturkey's PCR motion and summarily denied it. Any

error that may have resulted from the circuit court's failure to order the State to respond to

Sturkey's PCR motion is harmless.

¶23.   **THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.  BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**